**UNITED STATES of America,**

v.

Satiris G. **FASSOULIS**, Sanford E. Rafsky, Lionel M. Reifler, Jimmie J. Ryan, A. I. C. Corporation, Community National Life Insurance Co. and Intercoastal Investors Co., Ltd., Defendants.

No. 69 Cr. 651.

United States District Court
S. D. New York.
Dec. 23, 1969.

Robert M. Morgenthau, U. S. Atty. for Southern Dist. of New York, for United States, by Edward M. Shaw, Asst. U. S. Atty., New York City.

William T. Griffin, New York City, for defendant Fassoulis.

Kaplan, Kilsheimer & Foley, New York City, for defendants Rafsky, Reifler and Intercoastal Investors Company, Ltd.

Henry B. Rothblatt and Emma A. Rothblatt, New York City, for defendant Ryan.

MANSFIELD, District Judge.

In this prosecution for conspiracy (18 U.S.C. § 371) and violation of the mail and wire fraud statutes (18 U.S.C. §§ 1341 and 43) based on misuse of insurance policies as collateral in an alleged scheme to defraud, defendants have filed a flurry of pretrial motions, some of them of shotgun breadth, including a motion to dismiss, motions for pretrial discovery, bills of particulars and severance, etc., which are disposed of as follows:

*Fassoulis' Motion to Dismiss*

■ For the reasons stated upon argument of the motion on December 9, 1969, this motion must be denied. It is well established that there is no validity to the contention that an indictment should be dismissed because the prosecutor has called the defendant before the Grand Jury with knowledge that he would assert his privilege. United States v. Wolfson, 405 F.2d 779, 784 (2d Cir. 1968); United States v. Pilnick, 267 F.Supp. 791, 798–799 (S.D.N.Y. 1967); United States v. Leighton, 265 F.Supp. 27 (S.D.N.Y.1967).

■ There is likewise no merit to the contention that Fassoulis was entitled to have his counsel present in the Grand Jury room. See United States v. Corallo, 413 F.2d 1306 (2d Cir. July 8, 1969) (opinion by Judge Medina).

*Motion of Defendants Ryan and Fassoulis for Severance and Separate Trials Pursuant to Rule 14 F.R.Cr. P.*

Fassoulis and Ryan each seek a severance from the other defendants and a separate trial on the ground that they intend to call co-defendants as witnesses. Three defendants, Ryan, Reifler and Rafsky, have apparently testified before the Grand Jury with respect to some of the transactions that will be the subject of proof at trial. It is not shown, however, that the co-defendants' testimony would tend to exculpate or incriminate movants.

■ Generally speaking, interests of convenience, economy and efficient administration of justice dictate that persons joined in the same indictment should be tried together, particularly where (as in the present case) trial will be fairly long (three to five weeks here) and numerous witnesses must be summoned at considerable expense from distant parts. United States v. Lebron, 222 F.2d 531, 535 (2d Cir.), *cert. denied*, 350 U.S. 876, 76 S.Ct. 121, 100 L.Ed. 774 (1955); United States v. Crisona, 271 F.Supp. 150 (S.D.N.Y.1967); United States v. Kahaner, 203 F.Supp. 78, 81 (S.D.N.Y.1962). The burden is upon movants to show that they will be so

prejudiced by a joint trial that they would in effect be denied a fair trial in a joint proceeding. United States v. Caci, 401 F.2d 664 (2d Cir. 1968); United States v. Crisona, 271 F.Supp. 150 (S.D.N.Y.1967). No such showing is made here.

■ Although each movant argues that unless a separate trial is granted his co-defendants might refuse to testify at a joint trial, no firm showing is made that the co-defendants would definitely refuse to testify at such a joint trial. None of the co-defendants Rafsky, Reifler and Ryan has a criminal record, a factor that might inhibit their taking the witness stand. The most that can be said is that each defendant's counsel wants his client to remain free to exercise his privilege against self-incrimination *if* he should be called by a co-defendant at a joint trial. In such event the trial judge would undoubtedly make a determination outside of the jury's presence. See United States v. Carella, 411 F.2d 729, 731 n. 1 (2d Cir. 1969).

Next, and of even greater significance, neither of the moving defendants have made any showing that if a severance were granted, his co-defendants would testify at a *separate* trial. On the contrary, upon oral argument counsel indicated that the co-defendants would probably not be any more willing to testify at such separate trials than they would at a joint trial. Assuming *arguendo* that movants were permitted by the trial judge at separate trials to call a co-defendant to the stand in order to elicit his invocation of the Fifth Amendment coupled with a refusal to testify to the facts (which seems unlikely, since three defendants have testified before the S.E.C. and the Grand Jury), movants fail to demonstrate that such proof would tend to exculpate them. It is questionable whether the jury would be permitted to draw inferences from a co-defendant's refusal to testify, but even if the jury were permitted to infer guilt on the part of the co-defendant, we

are not persuaded that such an inference would show movants' innocence.

■ Thus the possibilities of prejudice are too speculative and will-o'-the-wisp to be real, and in view of movants' failure to establish that they would suffer any prejudice as the result of a joint trial in lieu of separate trials, the motion of Fassoulis and Ryan must be denied. United States v. Caci, 401 F.2d 664, 671 (2d Cir. 1968); United States v. Carella, 411 F.2d 729 (2d Cir. 1969).

*Motion of Defendants Reifler and Rafsky for Particulars*

■■ Except as consented to by the Government the motion is denied on the ground that it seeks evidence rather than ultimate facts needed for trial preparation or to avoid surprise or double jeopardy, subject to the following:

*Item 2*: The Government will turn over copies of any written agreements referred to in Paragraph 3(b).

*Items 6 and 7*: The Government will furnish the substance of the false statements alleged and a summary of the respects in which it is claimed that the statements were false.

*Motion of Defendant Fassoulis for Particulars*

This motion is disposed of in accordance with the memorandum entitled "Summary of Fassoulis' Discovery," except that the Government will, in addition, furnish to Fassoulis the foregoing particulars granted to Reifler and Rafsky and Items 5(ii), 14(ii), 6(i) and 15(i) to the extent consented to in open court by the Government. Otherwise the motion is denied.

*Motions for Pretrial Discovery*

These motions are disposed of in accordance with the memorandum entitled "Summary of Fassoulis' Discovery," the information scheduled therein being made available to all movants with re-

**46**

spect to their respective requests. Otherwise the motions are denied.

*Motions for Exculpatory Information*

In view of the Government's recognition of its obligation to furnish exculpatory information to the defendants at trial, this motion has been withdrawn.

*Defendant Ryan's Motion for a Hearing on the Voluntariness of Confessions*

This motion is denied without prejudice to renewal at trial upon counsel's examination of Ryan's Grand Jury testimony which is being made available by the Government to him and his counsel for inspection.

Except to the extent hereinabove granted, all motions are denied.

It is so ordered.