UNITED STATES of America,

v.

Prudence WHEATON, Willie Leroy Wheaton, Jr., Wilton E. Jones, Francisco Miranda, Ventura Perez, Adrian Davis, Jose Sanchez, Luella McKay, Andrew J. Williams and Elliot P. Williams, Defendants.

No. 78 Cr. 765.

United States District Court, S. D. New York.

Jan. 8, 1979.

Robert B. Fiske, Jr., U.S. Atty. S.D.N.Y., New York City, for the United States; Henry H. Korn, Asst. U.S. Atty., New York City, of counsel.

James W. Reilley, Barry E. Witlin, Chicago, Ill., for defendant Wilton E. Jones.

Helena Pichel Solleder, New York City, for defendant Luella McKay.

David A. DePetris, New York City, for defendant Prudence Wheaton.

Jeff L. Greenup, New York City, for defendant Andrew J. Williams.

Robert Mitchell, New York City, for defendant Elliot Williams.

LASKER, District Judge.

A number of defendants move for varied relief.

*Wilton E. Jones*

■ Under the authority of *United States v. Estepa*, 471 F.2d 1132 (2d Cir. 1972), Jones moves for in camera inspection of the Grand Jury minutes, and, if the court finds that the indictment as to him was based on hearsay, to dismiss it. The motion is denied. An indictment returned by a duly constituted Grand Jury is legally sufficient if it appears so on its face. *Costello v. United States*, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956); *United States v. Blitz*, 533 F.2d 1329 (2d Cir.) *cert. denied*, 429 U.S. 819, 97 S.Ct. 65, 50 L.Ed.2d 79 (1976). While it is true that *Estepa, supra*, holds that where it can be demonstrated that the indictment was procured substantially on the basis of hearsay testimony and that the Grand Jury was not informed of its right to secure non-hearsay testimony the indictment should be dismissed, here, the government in its memorandum (Page 3) represents "that the bulk of testimony before the Grand Jury was direct, non-hearsay testimony and that a proper hearsay warning was given by the attorney for the government, pursuant to *United States v. Estepa*." Such a representation would, in any event, ordinarily be accepted on its face. Here it certainly can be accepted since Jones has not made even a minimal threshold showing of any reason to believe that the indictment was obtained in violation of *Estepa*, his sole claim being that: "an examination of the Grand Jury testimony may reveal a direct violation of the principals enunciated in *United States v. Estepa*."

■ There is no basis for granting the relief requested because of Jones' expressed concern that he might be denied his right to "impeach by contradiction." To the extent that Grand Jury minutes in this case may constitute material falling within the provisions of 18 U.S.C. § 3500, it will be made available to him at trial at the appropriate time.

■ Jones' motion to strike alleged surplusage from the indictment is also denied. He claims that references to him as being also known as "William Williams" and "Wilton" are unnecessary and prejudicial. However, the inclusion of aliases for the purposes of identifying a defendant by name or occupation is permissible. Here the government claims that the proof will identify Jones as having been known from time to time as William Williams or Wilton. If the proof at trial does not so identify him, a renewed motion will be granted. The indictment will not be furnished to the jury before the close of the evidence.

*Luella McKay*

■ McKay moves that overt act 45, which charges her with carrying a gun, be stricken as surplus and prejudicial. Such material is permissible, however, if the government submits relevant and admissible evidence at trial of Miss McKay's carrying a gun. If the government does not submit such proof or it is not relevant or admissible, a renewed motion will be granted at the appropriate time. The indictment will not be furnished to the jury before the close of the evidence.

*Prudence Wheaton*

■ Prudence Wheaton moves under Rule 18 of the Federal Rules of Criminal Procedure to dismiss Counts 11 through 14 of the indictment on the grounds that the court lacks jurisdiction because, it is claimed, the acts described cannot properly be tried in the Southern District of New York. Counts 11 through 14 charge, in identical language, that on various dates Prudence Wheaton (and as to Count 13, Prudence Wheaton and Willie Leroy Wheaton, Jr.) "in the Southern District of New York" distributed, or possessed with intent to distribute various amounts of heroin. On their face these counts raise no question that venue properly lies in this district. However, in his affidavit in support of the motion, Wheaton's counsel states that he has been advised by the Assistant United States Attorney prosecuting the case that Prudence Wheaton actually sold the heroin referred to in Counts 11 through 14 in Chicago, Illinois, that another person subsequently traveled to New York and resold the last portions of the narcotics within this district and that the government does not contend that Wheaton participated physically in the sales which took place in New York. The government responds that it will establish that the offenses charged in Counts 11 through 14 constituted "continuing" crimes over which 18 U.S.C. § 3237[1] confers venue in this district even though Wheaton was not present during the sales which took place here.

It is not possible to determine at this stage of the proceedings whether the government will in fact prove a "continuing" crime within the meaning of 18 U.S.C. § 3237. If it does, venue and jurisdiction will of course exist. If it does not, a motion to acquit as to these counts would be in order. Accordingly, Wheaton's motion to dismiss Counts 11 through 14 of the indictment is denied without prejudice to renewal at the close of the government's case. It is appropriate to observe that it is highly doubtful whether jurisdiction would lie if the government proves merely that Wheaton made a sale in Chicago, knowing that another independent seller would sell the same material in New York but does not establish that Wheaton intended that such a sale should take place or that Wheaton aided and abetted the New York sale or had a stake in it.

1. The government also relies on Rule 18 of the Federal Rules of Criminal Procedure which provides that "except as otherwise permitted by statute or by these rules, the prosecution shall be had in a district in which the offense was committed", on Article 3, § 2, Clause 3 of the Constitution and on the Sixth Amendment to the Constitution.

Prudence Wheaton also moves to strike certain portions of Count one as surplus and prejudicial. In particular, she contends that overt acts 1 through 46 and Paragraphs 3 through 5 of Count one, which describe the structure of the conspiracy, do not state a necessary element of the crime and, therefore, should be stricken. The short answer is that an indictment need not be limited to statements specifying the elements of the offense charged but may, and generally does, describe the nature of the conspiracy charged and enumerate overt acts. It is expected, of course, that the government will prove the facts alleged. If it does not, striking such material as surplus will be appropriate. Accordingly, the motion is denied without prejudice to renewal at the close of the government's case.

Prudence Wheaton further moves for a severance claiming that there has been a mis-joinder of defendants under Rule 8 of the Federal Rules of Criminal Procedure. She contends that it is the government's theory that her participation in the conspiracy was limited to the period following her release from prison December 23, 1976 through early January 1977, that the government has no proof as to conspiratorial activity from the latter date until September, 1978 and that there is no evidence connecting her alleged activity in late September, 1978 and early November, 1978 to the allegations relating to 1976–77. The government responds, however, (see Memorandum, Page 22) that it will establish that Prudence Wheaton *was* involved in the conspiracy while she was in jail in October through December, 1976; that during the period January, 1977 through September, 1978 the conspiracy continued and that among the facts in furtherance thereof was Prudence Wheaton's possession of some $13,000. in cash and drugs in early January, 1978 as well as her attempt to bribe a Chicago Police Officer to persuade him not to voucher the funds and that in September, 1978, she was recorded as having stated that she had been in the drug business before that time.

The question is to be judged pursuant to Rule 8(b) of the Federal Rules of Criminal Procedure. Under that rule, there is no basis for granting a severance. Prudence Wheaton has been properly joined with the other defendants because it is alleged that she and they participated in the same acts and transaction constituting the offenses charged. Nor is severance required under the provisions of Rule 14 of the Federal Rules of Criminal Procedure. The burden is upon the defendant to show that she would be so prejudiced by a joint trial that in effect she would be denied a constitutionally fair trial. *United States v. Fassoulis*, 49 F.R.D. 43 (S.D.N.Y.1969), aff'd, 445 F.2d 13 (2d Cir.) *cert. denied*, 404 U.S. 858, 92 S.Ct. 110, 30 L.Ed.2d 100 (1971) and *United States v. Wolfson*, 289 F.Supp. 903 (S.D.N.Y.), aff'd, 405 F.2d 779, (2d Cir. 1968) *cert. denied*, 394 U.S. 946, 89 S.Ct. 1275, 22 L.Ed.2d 479 (1969). Wheaton has furnished no facts to support her claim that she will be legally prejudiced by a joint trial. Where the defendant fails "to show the nature of his defense . . . [and] in what respect, if any, his defense is inconsistent with or antagonistic to that of his co-defendants" there is no basis for severance. *United States v. Marquez*, 319 F.Supp. 1016, 1018 (S.D.N.Y.1970), aff'd, 449 F.2d 89 (2d Cir. 1971) *cert. denied*, 405 U.S. 963, 92 S.Ct. 1167, 31 L.Ed.2d 239 (1972).

Finally, Wheaton moves for a severance on the grounds that she "desires to call the co-defendant Willie Leroy Wheaton, Jr., as a witness and expects that the testimony which the co-defendant would give would be useful to the defense concerning participation by the defendant Prudence Wheaton in the alleged offenses." That motion must also be denied since such a bare assertion does not meet the defendant's burden to establish that without severance she would be denied a fair trial. *United States v. Crisona*, 271 F.Supp. 150 (S.D.N.Y.1967), aff'd, 416 F.2d 107 (2d Cir. 1969), *cert. denied*, 397 U.S. 961, 90 S.Ct. 991, 25 L.Ed.2d 253, see also *United States v. Dioguardi*, 332 F.Supp. 7 (S.D.N.Y.1971).

*Andrew Williams*

[12] Andrew Williams moves pursuant to Rule 21 of the Federal Rules of Criminal Procedure that his trial be transferred to the United States District Court for the Northern District of Illinois. His first claim is that trial here would prejudice him because "It is a well known fact that New York City and, in particular, Harlem, which is the part of the Southern District known notoriously as 'The Narcotics Capitol of the World.'" The affidavit of Andrew Williams' counsel in support of the motion emphasizes recent major narcotics trials in this district and the fact that one such case was featured as a cover story of a recent issue of the New York Times Magazine.

Although it is appropriate to take judicial notice of these facts, they do not constitute a showing of prejudice within the meaning of Rule 21(a). If counsel's theory were to be accepted, no narcotics offense could be prosecuted in the Southern District of New York. Carried to its extreme, the theory would result in the inability of federal prosecutors to prosecute alleged crimes in the very districts in which they were the most prevalent. Such a construction of the rule turns it on its head. Indeed, the fact that large numbers of narcotics offenses are prosecuted in the Southern District of New York could well be argued to be favorable to a defendant since it is logical to contend that juries here are more enured to such offenses than in districts where trafficking in narcotics is rare.

Andrew Williams also moves, pursuant to Rule 21(b), to transfer the trial to the Northern District of Illinois. Rule 21(b) provides that:

> "for the convenience of parties and witnesses, and in the interest of justice, the court upon motion of the defendant may transfer the proceeding as to him or any one or more of the counts thereof to another district."

Although no affidavit from Andrew Williams supports his motion, an affirmation by his counsel contends that such transfer (or as he describes it severance) should be granted because the indictment alleges only one overt act by Andrew Williams (so that his defense will be "contaminated" by the alleged criminal acts of the other defendants) and, more to the point, that most of the acts alleged in the indictment occurred in Chicago, that Andrew Williams is a native of that city, that he does not have the funds to travel here and support himself during a trial which will last several weeks and that he cannot procure fact and character witnesses to testify in his defense in New York although he could do so in Chicago.

The appropriateness of transfer under Rule 21(b) is determined by the criteria specified in *Platt v. Minnesota Mining & Mfg. Co.*, 376 U.S. 240, 84 S.Ct. 769, 11 L.Ed.2d 674 (1964):

(1) location of defendant
(2) location of witnesses
(3) location of events in issue
(4) location of documents and record
(5) disruption of defendant's business
(6) expense to all parties
(7) location of all counsel
(8) relative accessibility of place of trial
(9) relative docket condition
(10) other special elements which might affect the transfer.

In this case, (1–3) the defendant and his witnesses and a number of the events in issue are located or occurred in the Northern District of Illinois. (4) Documents and records are not significant. (5) There is no showing of a disruption of the defendant's business. (6) Expense is properly of concern to the defendant. However, the government has represented that if the defendant makes a good faith showing of inability to sustain the expense at trial and procuring the presence of witnesses, the government will furnish reasonable funds for those purposes. On the other hand, trial in the Northern District of Illinois would put the government to substantial extra expense. Only a minority of the defendants (and of the Chicago defendants) has moved for a transfer to the Northern District of Illinois. The cases of the non-moving defendants cannot be transferred to

the Northern District of Illinois. *United States v. Griesa*, 481 F.2d 276 (2d Cir. 1973). Accordingly, if Andrew Williams' motion were to be granted separate trials would be required in Chicago and New York. It is obvious that the resultant duplication would impose substantial extra expense on the government as well as a double burden on the judiciary. (7–8) Most of the defense counsel are located in New York; New York and Chicago are each totally accessible as places of trial. (9) The requirements of the Speedy Trial Act eliminate differences of docket condition between this district and the Northern District of Illinois and (10) there are no other elements which would justify the transfer.

The burden is on the defendant to establish either that a substantial balance of inconvenience or the interests of justice require a transfer. That burden has not been met. Accordingly, the motion for transfer is denied on condition that the government abide by its representation to make available to the defendant, upon a good faith showing of need, reasonable funds for transportation to New York City and for subsistence for the defendant and witnesses residing in the Chicago area whom he may reasonably call in his defense.

*Elliot Williams*

Defendant Elliot Williams moves for a transfer to the Northern District of Illinois or a severance on substantially the same grounds as Andrew Williams. The motion is denied on the same terms as the denial of Andrew Williams' motion.

All motions are disposed of in accordance with this memorandum.

It is so ordered.