**UNITED STATES of America,**

v.

**Alvin SIGALOW, Defendant.**

**No. 85 Cr. 315 (DNE).**

United States District Court,
S.D. New York.

Jan. 3, 1986.

Rudolph W. Giuliani, U.S. Atty. for the S.D.N.Y., Viktor V. Pohorelsky, Asst. U.S. Atty., of counsel, for plaintiff.

Stanley A. Teitler, P.C., New York City, Stanley A. Teitler and Jeffrey S. Gubernick, of counsel, for defendant.

## OPINION AND ORDER

EDELSTEIN, District Judge:

Defendant Alvin Sigalow ("Sigalow") is charged with one count of conspiring to defraud the government in violation of Title 18, Section 371 of the United States Code and one count of using interstate facilities, including the mail, to promote, manage, establish and carry on the two prostitution enterprises in violation of Title 18, Section 1952 of the United States Code. Sigalow has moved to sever the two counts of the indictment pursuant to Rules 8, 12(b)(5), and 14 of the Federal Rules of Criminal Procedure. Defendant's motion is hereby denied.

## BACKGROUND

Sigalow is charged in Count One of the Indictment with conspiring to defraud the United States by impeding and obstructing the Internal Revenue Service from determining and collecting the tax obligations of two alleged prostitution enterprises. Count Two of the Indictment charges Sigalow with a violation of the "Travel Act." Specifically, the defendant is charged with the use of interstate facilities, including the mail, to promote, manage, establish and carry on the two alleged prostitution enterprises.

■ Defendant moves to sever Counts One and Two claiming

    1) that the charges in Counts One and Two are "completely unrelated"; and

    2) that he will be prejudiced if both counts are tried together.

## DISCUSSION

A. *Relationship of Counts One and Two*

Rule 8(a) of the Federal Rules of Criminal Procedure provides:

> Two or more offenses may be charged in the same indictment ... in a separate count for each offense if the offenses charged ... are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

Fed.R.Crim.P. 8(a). Defendant claims that the two counts are not connected and must be severed pursuant to the rule. Sigalow asserts that the crimes charged are of a different character, are based on distinct acts and in no way constitute a common plan. Defendant relies on *United States v. Halper*, 590 F.2d 422 (2d Cir.1978), and *Deluca v. United States*, 299 Fed. 741 (2d Cir.1924), to support this claim. Both of these cases are inapposite. In *United States v. Halper*, the court found that the joinder of two separate indictments, one charging several counts of Medicaid fraud and the other charging tax evasion, was improper. 590 F.2d at 428–31. In *Halper*, the sole basis for joinder was that the offenses were of the same or similar character. *Id.* at 430. This contention was rejected by the court. *Id.* The government in this case does not rely on this basis for joinder. Rather the government asserts that the two counts are "based on the same series of connected acts and transactions undertaken by ... Sigalow [and his alleged coconspirators], all of which related to the operation of the [two alleged prostitution enterprises]." Memorandum of Law in Opposition to Defendant's Motion to Sever at 4–5. [hereinafter cited as Memo in Opposition].

Similarly, *Deluca v. United States*, offers little guidance. The court found that the evidence relating to a charge of conspiring to defraud the United States of import duties owed on shipments of opium was not the same as the evidence relating to a second charge for the illegal sale of opium. 299 Fed. at 745. This is not the situation presented by the two charges in the Indictment here.

The evidence against Mr. Sigalow involving the alleged prostitution enterprises relates to both counts in the Indictment. The conspiracy charged in the Indictment relates to the failure to report income derived by the defendant and others from the alleged prostitution enterprises. The source of the alleged unreported income would certainly be relevant to the government's case on the conspiracy count. This same evidence would be relevant to the government's case on the "Travel Act" count which charges the use of facilities in interstate commerce to "promote, manage, establish, carry on and facilitate the promotion, management, establishment and carrying on of" the same prostitution enterprises. *See* Indictment Count 2 at ¶ 2. These two counts can be deemed to based on the same series of acts and transactions and can be characterized as arising out of a common scheme. Accordingly, the two counts were properly joined pursuant to Rule 8(a). *See United States v. Golomb*, 754 F.2d 86, 88 (2d Cir.1985) (mail fraud charges properly joined with offenses relating to fencing operation even though different conduct was involved in two sets of offenses); *cf. United States v. Gordon*, 655 F.2d 478, 484–85 (2d Cir.1981) (consolidation of one indictment charging mail fraud and interstate transportation of stolen property with indictment charging the making of false statements in a loan application and interstate transportation of stolen property found to be proper under Fed.R.Crim.P. 13). *See also United States v. Wirsing*, 719 F.2d 859, 863 (6th Cir.1983); *United States v. Shelton*, 669 F.2d 446, 460 (7th Cir.), *cert. denied*, 456 U.S. 934, 102 S.Ct. 1989, 72 L.Ed.2d 454 (1982).

B. *Prejudice from joinder of offenses*

Defendant asserts that even should the court find that the joinder of the two counts is technically proper, trying the two counts together would prejudice the defendant's right to a fair trial. The defendant must show that he would be so prejudiced by trying both counts that "in effect [he] would be denied a constitutionally fair trial." *United States v. Wheaton,* 463 F.Supp. 1073, 1077 (S.D.N.Y.), *aff'd mem.,* 614 F.2d 1293 (2d Cir.1979); *accord United States v. Cody,* 722 F.2d 1052, 1061 (2d Cir.1983), *cert. denied,* 467 U.S. 1226, 104 S.Ct. 2678, 81 L.Ed.2d 873 (1984); *United States v. Aloi,* 449 F.Supp. 698, 739 (E.D.N.Y.1977).

The defendant indicates that the inflamatory nature of the government's proof on the prostitution charge may unfairly prejudice the defendant with respect to the tax conspiracy charge. *See* Fed.R.Crim.P. 14. Sigalow further contends that by trying the two counts together, the jury will possibly "transfer" intent from one charge to the other. Finally, the defendant contends that his right to testify on his own behalf will be prejudiced because he "might elect to testify to show an absence" of an agreement or intent on the conspiracy charge. Such testimony, it is suggested, would "jeopardize[ ] his defense on the unrelated charge." Memorandum of Law in Support of Motion for Severance at 7–8.

Defendant's arguments are unpersuasive. First, Sigalow contends that permitting evidence of the prostitution enterprise to be admitted during a trial on the tax charges would unfairly prejudice him. He contends that this would, in effect, permit the government to circumvent the limitations on "bad act" evidence contained in Rule 404. Defendant's argument is based on an incorrect foundation. Evidence regarding the alleged prostitution enterprises would certainly be admissible at a separate trial on the tax conspiracy charge. These alleged enterprises constitute the source of the unreported funds alleged in the conspiracy count. Any prejudice comes from the nature of the source of the funds and cannot be deemed "unfair" prejudice. Thus, severance is not appropriate on this ground. *United States v. Shelton,* 669 F.2d at 461 (tax charges properly joined with mail fraud counts because tax charge related to failure to pay tax on proceeds of fraud); *United States v. Treadwell,* 566 F.Supp. 80, 86–87 (D.D.C.1983) (tax evasion and fraud related charges properly joined where fraud was source of unreported income); *see United States v. Wilson,* 715 F.2d 1164, 1171 (7th Cir.), *cert. denied,* 464 U.S. 986, 1049, 104 S.Ct. 434, 727, 78 L.Ed.2d 366, 79 L.Ed.2d 187 (1983). *See also United States v. Brozyna,* 571 F.2d 742, 747 (2d Cir.1977) (showing of substantial prejudice unlikely where proof at seperate trials would overlap). *Compare United States v. Halper,* 590 F.2d at 429 (funds obtained from alleged Medicaid fraud charge were not the same funds alleged to be unreported for the income tax charge).[1]

■ Second, defendant argues that the jury may "transfer" intent from one count to the other. The government notes that "[t]his assertion could be made in virtually any trial where offenses are joined." Memo in Opposition at 6. The court agrees with the government. Such a conclusory statement cannot provide a sufficient basis for severance. *See United States v. Forrest,* 623 F.2d 1107, 1115 (5th Cir.1980); *United States v. Werner,* 620 F.2d 922, 929 (2d Cir.1980); *cf. United States v. McDonald,* 576 F.2d 1350, 1355 (9th Cir.1978) ("Some prejudice necessarily inheres when defendants are joined for trial. However, '[i]f all that was necessary to avoid a joint trial were a showing of prejudice, there would be few, if any, multiple defendant trials.") (quoting 8 J. Moore, W. Taggart & J. Wicker, Moore's Federal Practice ¶ 14.-

---

1. The conspiracy to defraud the United States could be the subject of inquiry at a separate trial on the "Travel Act" count if the defendant were to testify. *See* Fed.R.Evid. 608(b), 609. If the defendant were to elect not to testify at a sepa-
rate "Travel Act" trial, the conspiracy charge, likely would not be introduced. The defendant does not assert that the inclusion of the conspiracy charge unfairly prejudices him with respect to the "Travel Act" charge.

04[1], at 14–14.1 (1977)). Further, problems of transferred intent may be cured by appropriate instructions. *Cf. United States v. Olin Corp.*, 465 F.Supp. 1120, 1129 (W.D.N.Y.1979) (jury instructions enough to overcome any unnecessary prejudice regarding multiple defendant trial).

Finally, Sigalow's assertion that he might testify at a separate trial on the conspiracy charge is inadequate to support a motion under Rule 14. The defendant must make a "convincing showing that he has important testimony concerning one count and a strong need to refrain from testifying on the other." *Baker v. United States*, 401 F.2d 958, 977 (D.C.Cir.), *cert. denied*, 400 U.S. 965, 91 S.Ct. 367, 27 L.Ed.2d 384 (1970); *accord United States v. Forrest*, 623 F.2d at 1115; *United States v. Werner*, 620 F.2d at 930. Defendant has failed to make any showing in this regard.

## CONCLUSION

Defendant's motion for severance is denied.