**UNITED STATES of America,**

v.

**S. Richmond DOLE and Clark J. Matthews II, Defendants.**

**No. CR–84–00461.**

United States District Court, E.D. New York.

Dec. 20, 1984.

Raymond J. Dearie, U.S. Atty., E.D. of N.Y., by Gregory S. Wallance, Asst. U.S. Atty., Brooklyn, N.Y., for the U.S. of America.

Stephen E. Kaufman, Dominic F. Amorosa, New York City, for defendant Dole.

Gary P. Naftalis, New York City, for defendant Matthews.

## MEMORANDUM DECISION AND ORDER

SIFTON, District Judge.

Defendants, S. Richmond Dole and Clark J. Matthews II, are each charged in a two-count indictment with a conspiracy to violate the Travel Act, 18 U.S.C. § 1952, through an act of bribery in violation of the laws of the State of New York and to defraud the United States by obstructing the tax collection authority of the Internal Revenue Service. *See United States v. Klein,* 247 F.2d 908 (2d Cir.1957), *cert. denied,* 355 U.S. 924, 78 S.Ct. 365, 2 L.Ed.2d 354 (1958). In addition, defendant Matthews is charged in a second count of the same indictment with making false and misleading statements to the shareholders of The Southland Corporation concerning his honesty and loyalty to the company by failing to disclose to them in proxy materials distributed in 1981 in connection with his candidacy to become a director of the company that he had attempted to bribe public officials of New York State and to defraud the Internal Revenue Service by conspiring to deduct monies paid in connection with the bribe attempt as a business expense of the corporation, and that he had lied to the company's board of directors concerning these matters during the course of a business ethics review conducted by the company's board of directors.

The matter is presently before the Court on pretrial motions by both defendants seeking dismissal of the indictment, severance on the part of defendant Dole, a change of venue to the United States District Court for the Northern District of Texas, the striking of certain alleged surplusage from the indictment on the part of defendant Matthews, production of so-called *Brady* material, and an application to compel the United States Attorney to articulate his reasons for declining to waive a jury. Each of these motions is denied, except to the extent set forth below.

### DISMISSAL MOTIONS

■ Both defendants seek dismissal of Count 1 of the indictment on the grounds that it is time-barred and for other reasons. Each of defendants' contentions, with one exception, has been previously rejected by this Court either prior to or during the trial of indictment numbered CR–83–00515 and related indictments. No basis for reconsideration of those decisions has been brought forward. The one new argument—the contention that the prosecution will not be able to demonstrate that Overt Act 14 of the indictment was committed pursuant to and in furtherance of a conspiracy of which defendant Matthews was a member—cannot be decided in advance of trial. Accordingly, defendants' motion to dismiss Count 1 of the indictment must be, in all respects, denied.

Defendant Matthews' motion to dismiss Count 2 of the indictment must likewise be denied. The premise of defendant's motion is that Count 2 charges him with failure to make so-called "management integrity" or "qualitative materiality" disclosures in Southland's proxy solicitation materials "without regard to whether the conduct to be so disclosed has or would have a material economic impact ('quantitative materiality') on the earnings, assets or liabilities of the company." Memorandum of Clark J. Matthews II in Support of Pretrial Motions at pp. 2–3. In defendant Matthews' view, such disclosures are not required under the Federal Securities Laws since (1) the charge sounds essentially in corporate mismanagement as opposed to misrepresentation or fraud, (2) the charge of nondisclosure of qualitatively as opposed to quantitatively material information is so nebulous as to deprive a defendant of fair notice and courts and juries of a workable standard to apply, and (3) disclosure under the circumstances would violate the fifth amendment's proscription against compelled self-incrimination. None of these arguments is persuasive.

■ Defendant Matthews correctly notes that numerous cases in this Circuit and elsewhere have recognized the need for some element of objectively adverse interests between the corporation and the individual employee before charges of undisclosed wrongdoing can be elevated from the category of complaints about the way the company is being run to the level of misrepresentation or fraud by corporate managers on the corporation or its stockholders. *E.g., Weisberg v. Coastal States Gas Corp.*, 609 F.2d 650 (2d Cir.1979), *cert. denied*, 445 U.S. 951, 100 S.Ct. 1600, 63 L.Ed.2d 786 (1980); *Gaines v. Haughton*, 645 F.2d 761 (9th Cir.1981), *cert. denied*, 454 U.S. 1145, 102 S.Ct. 1006, 71 L.Ed.2d 297 (1982). As these cases suggest there must be more than "mere bribery" by corporate officials—that something more often being in the form of "bribery plus kickbacks." *Id.*

■ Matthews is likewise accurate in pointing out that in the absence of some objective frame of reference—equivalent to that available from an accountant or economist in assessing quantitative materiality, or from the determination of a jury, grand jury or prosecutor that a crime has been committed in the area of qualitative materiality—a requirement of disclosure of improper conduct material to the determination of an individual's qualifications for corporate office runs the risk of imposing standards of such vagueness and generality as to deprive both those who have to obey the law and those who are to apply it of the guidance both require. *Cf. GAF Corp. v. Heyman*, 724 F.2d 727 (2d Cir.

1983), and *Sedima, S.P.R.L. v. Imrex Co.*, 741 F.2d 482 (2d Cir.1984).

■ The circumstances of this case, however, appear to present both the adversity between corporation and corporate officer implicit in the requirement of "bribes plus kickbacks" (i.e., of corporate wrongdoing plus self-dealing) and the objective indicia of materiality suggested by those cases which have rejected efforts to impose on corporate officers a requirement that they accuse themselves of wrongdoing which no one else has ever called into question. Central to the indictment's charge are allegations that the wrongdoing was of the sort specifically deemed by the company's board of directors to be of interest to management in running the company's business and that the defendant Matthews concealed the requested information specifically from those within the company who considered it material to the way the company was to be run. The fact, in other words, that the undisclosed, improper conduct was hidden in the course of a formal business ethics review by the corporate official charged with primary authority for conducting it places this case in a different factual context than those in which the first hint of interest in the ethical conduct of the officer comes in the form of an after-the-fact suggestion by a dissident stockholder that he would have been interested in the undisclosed information, had it been called to his attention earlier. Thus, defendant Matthews' claim of surprise or lack of fair notice that the company's stockholders would be interested in information of the sort alleged to be concealed sounds distinctly unpersuasive in light of the clear expression of interest in that precise type of information by the company's board of directors then engaged in conducting a business ethics review. Nor is the court or juror left at sea concerning the bearing of information of this type on the running of the company in circumstances in which the directors themselves have determined that, at least in the context of SEC enforcement policies of the time, information of that sort had to be brought to the attention of the company in order to avoid the adverse consequences experienced by other companies whose ethical breaches surfaced in less predictable or manageable ways.

■ Defendant Matthews also contends that the disclosures sought from him would have violated his privilege against self-incrimination. However, examination of the factors set forth in *United States v. Stirling*, 571 F.2d 708 (2d Cir.), *cert. denied*, 439 U.S. 824, 99 S.Ct. 93, 58 L.Ed.2d 116 (1978), makes clear that the disclosures here required were neither compelled not of such an incriminating nature as to provide a basis for excusing defendant's omissions, if such they were, on fifth amendment grounds. Matthews' proposed advancement to the board of directors hardly falls in the category of an offer which he could not refuse. It is essentially beyond dispute that the self-reporting required by the SEC's proxy rules are both essential to the SEC's regulation of corporate democracy and aimed at a group by no means characterized as "inherently suspect of criminal activities." Nor is the "general activity" subject to inquiry here, whether viewed as a corporate counsel's administration of his office, his disbursement of corporate funds, or his conduct of and cooperation in the company's business ethics review, intrinsically unlawful in nature. Finally, the disclosure of lack of candor with the corporations' board of directors in the course of a business ethics review—which is at the heart of the matter from the point of view of recipients of the corporation's proxy material in deciding what position to take with regard to Matthews' candidacy—does not pose a substantial possibility of incrimination. Defendants' motions to dismiss the indictment are, accordingly, denied.

### SEVERANCE MOTION

■ Defendant Dole has moved for severance on the ground that out-of-court statements received for limited purposes at his earlier trial will again be offered against him at his joint trial with his new

co-defendant. Suffice it to say that there is no reason to believe that defendant Dole would not face the same offer of proof against him whether he is tried alone or with his co-defendant. The error which he foresees from the admission of this proof cannot, in other words, be cured by granting the motion he makes. It is, accordingly, denied.

## TRANSFER OF VENUE

■ Both defendants move for a transfer of venue to the Northern District of Texas pursuant to Rule 21(b) of the Federal Rules of Criminal Procedure. Taking into account the relevant considerations, *see Platt v. Minnesota Mining & Mfg. Co.*, 376 U.S. 240, 84 S.Ct. 769, 11 L.Ed.2d 674 (1964), the motion must be denied. While the considerations relevant to the determination of this motion have changed somewhat since a similar application by defendant Dole was earlier denied by this Court those changes by no means weigh uniformly or decisively in favor of the motion to transfer. This Court's acquaintance with the matter as a result of the lengthy pretrial and trial proceedings in this District and the attendant saving of judicial time and effort which would be gained by trial here at least equals the consequences of the removal from the case of Mastropieri, the New York based co-defendant, and the addition to the trial of even "a large number" of witnesses from Dallas to defendant Matthews' good character (whose brief appearances can, as at the first trial, be scheduled to suit their convenience). Whatever the state of the criminal dockets in general in Brooklyn and in Dallas, there can be no doubt that the addition of a criminal trial of these dimensions to the caseload of the Texas court would cause more disruption there than its elimination would aid in resolving the problems created by the overcrowded docket in this District. Accordingly, the motion is denied.

## SURPLUSAGE MOTION

■ Defendant Matthews moves pursuant to Rule 7(d) of the Federal Rules of Criminal Procedure to strike allegations that are said to be irrelevant charges in the indictment. The first of these allegations, that defendant Matthews was "formerly a staff attorney for the Securities and Exchange Commission," is, on the face of it, of relevance to a charge that he knowingly and intentionally omitted to make certain disclosures in proxy materials distributed to Southland stockholders in violation of requirements in the laws which it would have been part of his duties at the commission to administer. In all events, the issue of lack of relevance is not so clear as to be resolvable on the basis of a motion in advance of trial. Nor is the prejudice associated with telling a jury that the defendant has had prior government service so apparent that a resolution of the issue in advance of trial is mandated.

The second allegation complained of, namely, that defendant Matthews failed to disclose the bribe conspiracy to the SEC, the FBI, "and others," is objected to simply because defendant doubts that the government has the proof to support the allegations made. Whether the government does or doesn't have the evidence to sustain its allegations cannot be determined in advance of trial—as the Court will instruct the jury when the indictment is read to it.

## BRADY MATERIAL

The government is directed to advise defendants within ten days of the entry of this Memorandum and Order of any additional information of the type specified at p. 11 of this Court's Memorandum and Order of February 14, 1984, not previously disclosed.

## JURY TRIAL

■ Defendant Dole has sought to have the government state its reasons for declining to waive a jury in order to permit scrutiny of their validity. While not required to do so, *Singer v. United States*, 380 U.S. 24, 37, 85 S.Ct. 783, 791, 13 L.Ed.2d 630 (1965), the government has voluntarily complied with this demand. There is no reason to think its statement of

 

the considerations which have led the United States Attorney to his decision is spurious. Nor do the reasons appear invalid or illegal. Accordingly, no further relief in this respect appears warranted. ˌ

Defendants' motions are denied except as specified herein. The clerk is directed to mail a copy of the within to all parties.

SO ORDERED.