## PLATT, CHIEF JUDGE, U. S. DISTRICT COURT, v. MINNESOTA MINING & MANUFACTURING CO.

No. 113.  Argued January 9, 1964.—Decided March 9, 1964.

*Daniel M. Friedman* argued the cause for petitioner. With him on the brief were *Solicitor General Cox, Assistant Attorney General Orrick* and *Lionel Kestenbaum.*

*John T. Chadwell* argued the cause for respondent. With him on the brief were *Glenn W. McGee, Jean Engstrom, Allan J. Reniche* and *John L. Connolly.*

MR. JUSTICE CLARK delivered the opinion of the Court.

Rule 21 (b) of the Federal Rules of Criminal Procedure provides that where it appears that an offense was committed in more than one district or division and the court "is satisfied that in the interest of justice the proceeding should be transferred" to another such district or division than the one wherein it is filed, the court shall, upon motion, transfer the case. The respondent filed such a motion to transfer this antitrust prosecution from the Eastern District of Illinois to the District of Minnesota. After a hearing, the trial judge denied this motion on the ground that the factors of convenience, expense and early trial, together with the fact that it "would be more difficult [for the Government] to get a fair and impartial jury in the Minnesota District," convinced him that "the interest of justice" would not be promoted by a transfer. The respondent then petitioned the Court of Appeals to issue a writ of mandamus [1] directing the transfer. The Court of Appeals found that the trial judge had treated the factor of a fair and impartial trial as the "most important item" [2] in his decision and that this was not an appropriate criterion. It concluded that in addition to "the essential elements of convenience, expense and early trial, constituting 'interest of justice' in a civil case," a criminal case was "impressed with the fundamental historical right of a defendant to be prosecuted in its own environment or district . . . ." [3] Upon reviewing the record, the Court of Appeals substituted its own findings for those of the trial judge and ordered the case transferred. 314 F. 2d 369. Chief Judge Hastings dissented.

---

[1] The All Writs Act grants to the federal courts the power to issue "all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U. S. C. § 1651 (a).

[2] 314 F. 2d 369, 371, n. 1.

[3] *Id.*, at 375.

We granted the petition for certiorari in view of the importance of the questions to the prosecution of multi-venue cases. 374 U. S. 825. We believe that the Court of Appeals erred in ordering the transfer and therefore vacate its judgment and remand the case for further consideration by the District Court.

## I.

A grand jury sitting at Danville, in the United States District Court for the Eastern District of Illinois, returned an indictment charging the respondent with violating §§ 1 and 2 of the Sherman Act. The indictment charged an attempt to monopolize and a conspiracy to restrain and monopolize interstate and foreign commerce in pressure-sensitive tape, magnetic recording media and aluminum presensitized lithographic plates. The offense was alleged to have been committed in part in the Eastern District of Illinois, which includes both Danville and East St. Louis. It is agreed that the indictment could have been returned in the District of Minnesota as well as several other districts.

The Court of Appeals found, in contradiction to the finding of the District Court, that a trial in the Eastern District of Illinois would result in unjustifiable increased expenses to the respondent of "at least $100,000, great inconvenience of witnesses, serious disruption of business and interference of contact between the [respondent's] executives and its trial attorneys . . . ." [4] It also found that respondent had no office, plant, or other facility in the Eastern District and that there was less congestion in the docket of the Minnesota District than in the Eastern District of Illinois. The court concluded that this was a "demonstration by proof or admission of the essential elements of convenience, expense and early trial, consti-

---

[4] *Id.*, at 375, n. 3.

tuting 'interest of justice' in a civil case," [5] which, augmented by the additional consideration that this was a criminal action, compelled the granting of the motion to transfer.

In awarding the mandamus the Court of Appeals placed particular weight on the trial judge's finding that it "would be more difficult to get a fair and impartial jury in the Minnesota District than in the Eastern District of Illinois." The Court of Appeals stated that this finding, if true (which it doubted), "would not justify a refusal to make a transfer otherwise proper under rule 21 (b) . . ." [6] and concluded that "it would be an unsound and dangerous innovation in our federal court system for a judge in any district to appraise or even speculate as to the efficacy of the operations of a federal court of concurrent jurisdiction in another district. It follows that no order in any way based upon such reasoning can stand, even under the guise of an exercise of discretion." [7] The Court of Appeals, by way of footnote, then characterized the consideration of this factor by the trial judge as "the most important item" [8] despite the trial judge's statement in his answer to the rule to show cause that it "was but one of a number of factors . . . which led respondent to his conclusion."

## II.

The trial judge in his memorandum decision listed a number of items as pertinent in the determination of whether the case should be transferred to Minnesota "in the interest of justice" as required by Rule 21 (b). As Chief Judge Hastings pointed out in his dissent, these "factors were (1) location of corporate defendant;

[5] *Id.*, at 375.
[6] *Id.*, at 373.
[7] *Id.*, at 375.
[8] *Id.*, at 371, n. 1.

(2) location of possible witnesses; (3) location of events likely to be in issue; (4) location of documents and records likely to be involved; (5) disruption of defendant's business unless the case is transferred; (6) expense to the parties; (7) location of counsel; (8) relative accessibility of place of trial; (9) docket condition of each district or division involved; and (10) any other special elements which might affect the transfer." [9]

It appears that both parties and the Court of Appeals agree that the first nine factors enumerated were appropriate. As we have noted, the Court of Appeals struck the fair and impartial jury finding as not being a proper factor and the Government does not challenge that action here. Nor has the Government challenged the use of the extraordinary writ of mandamus as an appropriate means to review the refusal to transfer. We shall, therefore, not consider those matters here, assuming, without deciding, their validity for the purposes of this case. This leaves before us the question of whether the Court of Appeals erred in considering the motion to transfer *de novo* on the record made in the District Court and ordering transfer to the District of Minnesota.

### III.

We cannot say, as did the Court of Appeals, that "the most important item" in the trial judge's mind when he ruled against transfer was the finding of difficulty in the selection of a fair and impartial jury in Minnesota. The weight that Judge Platt gave this factor is a matter so peculiarly within his own knowledge that it seems more appropriate to have him resolve it. He has represented in his answer that this "was but one of a number of factors." The District Court's use of an inappropriate factor did not empower the Court of Appeals to order the transfer.

---

[9] *Id.*, at 376–377.

The function of the Court of Appeals in this case was to determine the appropriate criteria and then leave their application to the trial judge on remand. Extraordinary writs are "reserved for really extraordinary causes," *Ex parte Fahey*, 332 U. S. 258, 260 (1947), and then only "to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *Roche* v. *Evaporated Milk Assn.*, 319 U. S. 21, 26 (1943). Here, however, the Court of Appeals undertook a *de novo* examination of the record and itself exercised the discretionary function which the rule commits to the trial judge. This the court should not have done since the writ cannot be used "to actually control the decision of the trial court." *Bankers Life & Casualty Co.* v. *Holland*, 346 U. S. 379, 383 (1953).

## IV.

Since the trial court must reconsider the motion, effective judicial administration requires that we comment upon the erroneous holding of the Court of Appeals that criminal defendants have a constitutionally based right to a trial in their home districts. Art. III, § 2, of the Constitution provides that "The Trial of all Crimes . . . shall be held in the State where the said Crimes shall have been committed . . . ." The Sixth Amendment carries a like command. As we said in *United States* v. *Cores*, 356 U. S. 405, 407 (1958): "The Constitution makes it clear that determination of proper venue in a criminal case requires determination of where the crime was committed. . . . The provision for trial in the vicinity of the crime is a safeguard against the unfairness and hardship involved when an accused is prosecuted in a remote place." The fact that Minnesota is the main office or "home" of the respondent has no independent significance in determining whether transfer to that district would be "in the interest of justice," although it may be con-

sidered with reference to such factors as the convenience of records, officers, personnel and counsel.

The judgment of the Court of Appeals is therefore reversed and the cause is remanded to that court with instructions to vacate the judgment of the District Court and to remand the case for reconsideration of the motion for transfer, without reference to the ability of the United States to receive a fair and impartial trial in Minnesota.

*It is so ordered.*

MR. JUSTICE HARLAN, concurring.

I join the Court's opinion with the following brief comments.

First, for myself I wish to make explicit what is indeed implicit in the Court's opinion, namely, that the Court of Appeals was entirely correct in holding that the District Court's speculation that the Government might not be able to obtain an impartial jury in the Minnesota District was wholly out of bounds.

Second, while the Court of Appeals' outright reversal of the District Court understandably reflects its view that the other factors making for a change of venue, when stripped of the impermissible "impartial jury" consideration, are indeed strong, such action cannot well be regarded as other than a *de novo* determination of the change of venue motion on the part of the Court of Appeals. Such a course inescapably contravenes accepted principles governing the exercise of appellate jurisdiction.