**UNITED STATES of America,
Plaintiff,**

v.

**Bruce Charles HEROLD, Defendant.**

**No. 69–CR–129.**

United States District Court
E. D. Wisconsin.

Jan. 14, 1970.

James B. Brennan, U. S. Atty., by Richard E. Reilly, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

Franklyn M. Gimbel, Milwaukee, Wis., for defendant.

DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendant, who is charged with failing to report for induction into the military service under 50 U.S.C.App. § 462, has submitted a motion under Rule 21(b), Federal Rules of Criminal Procedure, to transfer venue from the eastern district of Wisconsin to the western district of Wisconsin. Counsel were invited to brief the issue; the defendant's attorney chose not to submit a memorandum, and the United States attorney decided to take no position on the motion. The motion will therefore be decided without the aid of briefs.

Under the doctrine of United States v. Anderson, 328 U.S. 699, 66 S.Ct. 1213, 90 L.Ed. 1529 (1946), venue properly lies in the district where the defendant allegedly refused to submit to induction. The complaint in this case indicates that the defendant reported to the induction center in Milwaukee at the appointed time but refused induction there. Thus, the alleged crime occurred in the eastern district of Wisconsin, and this court has venue.

The question then remains whether transfer should be made under Rule 21 (b), Federal Rules of Criminal Procedure, which states:

"For the convenience of parties and witnesses, and in the interest of justice, the court upon motion of the defendant may transfer the proceeding

as to him or any one or more of the counts thereof to another district."

■ Under this rule the district judge has wide discretion in determining whether to grant a change of venue. Graham v. United States, 257 F.2d 724, 729 (6th Cir. 1958); Dennis v. United States, 84 U.S.App.D.C. 31, 171 F.2d 986 (1948), aff'd 339 U.S. 162, 70 S.Ct. 519, 94 L.Ed. 734 (1950).

■ The rule requires that the court look to two factors: the convenience of the parties and witnesses and whether such a transfer would be in the interest of justice. The location of the defendant's residence is of concern. In Minnesota Mining and Manufacturing Co. v. Platt, 314 F.2d 369, 372 (7th Cir. 1963), reversed on other grounds, 376 U.S. 240, 84 S.Ct. 769, 11 L.Ed.2d 674 (1964), the court stated:

"The underlying spirit of the constitutional concern for trial in the vicinage of the defendant, rooted in centuries of Anglo-Saxon jurisprudence and universally recognized by the federal courts, is not to be ignored."

An affidavit of financial status, filed by the defendant when applying for court appointed counsel, indicates that the defendant resides and works in Sparta, Wisconsin. Sparta is located approximately 200 miles from Milwaukee, 120 miles from Madison, where the judge from the western district of Wisconsin sits regularly, and about 25 miles from La Crosse, Wisconsin, where such judge sits from time to time. Since the government has taken no position on this motion, and the defendant desires the trial to be in the district most convenient to him, I believe that the interest of justice is best served by granting the transfer.

It is hereby ordered that the defendant's motion to transfer the venue, under Rule 21(b), to the western district of Wisconsin be and hereby is granted.