**UNITED STATES of America**

v.

**Kenneth CONNELLY, Defendant.**

**No. 75 Crim. 342 (WCC).**

United States District Court,
S. D. New York.

Nov. 24, 1975.

Thomas J. Cahill, U. S. Atty., New York City, for plaintiff; Harry C. Batchelder, Jr., Asst. U. S. Atty., of counsel.

Stein, Rosen & Ohrenstein, New York City, for defendant; Douglass A. Wistendahl, New York City, of counsel.

## MEMORANDUM AND ORDER

CONNER, District Judge:

Defendant seeks an order, pursuant to Rule 21(b), F.R.Crim.P., transferring this action to the United States District Court for the District of Connecticut. It is defendant's position that such transfer would be "in the interest of justice" within the intent of Rule 21(b).

In order to understand the nature of defendant's application, it will be necessary to set forth, in some detail, the factual background of the case.

### I.

In March 1975, a Federal Grand Jury in Hartford, Connecticut returned a two-count indictment against defendant, charging possession with intent to distribute and conspiracy to distribute cocaine hydrochloride (cocaine). On April 18, 1975, defendant pleaded guilty to the conspiracy count. Because his age at that time (25) permitted "Young Adult Offender" treatment, defendant was committed to the Federal Youth Correction Center for study, findings and recommendations as to his final sentence and treatment. He is awaiting final sentencing.

On April 3, 1975, defendant was again indicted, this time by a Federal Grand Jury in the Southern District of New York. The New York indictment charges that defendant possessed with intent to distribute and distributed cocaine. Defendant has pleaded not guilty to both counts. Defendant's present age of 26 does not allow for "Young Adult Offender" treatment under the New York indictment.

Defendant, although conceding that the two indictments allege separate and distinct offenses, argues that the acts which resulted in the New York indictment are part and parcel of the course of conduct encompassed by the Connecticut indictment's conspiracy charge, with both indictments resulting from a continuing investigation which commenced in July 1974 in New York and culminated with defendant's arrest in Hartford on November 4, 1974. Defendant's principal contention on this motion is that, by reason of his prior indictment in Connecticut, the interest of justice and the policy of fundamental fairness could be

served only by the transfer of the New York indictment to Connecticut.

In arguing that the two cases are not in fact related, the United States Attorney points out that, with respect to the deliveries of cocaine charged in the New York indictment, defendant had no known co-conspirator; that the Government is not relying upon any possible connection between the wholly New York-based transactions which led to the New York indictment and those encompassed by the Connecticut indictment; that there is no evidence that the narcotics involved in the New York indictment came from a Connecticut source or that defendant was ever in Connecticut in connection with the offenses charged in the New York indictment; and that the mere fact that defendant was arrested in Connecticut with a large quantity of cocaine and also charged with possession of cocaine in New York does not necessarily link the prosecution of these two concededly separate criminal actions.

## II.

 Rule 21(b), F.R.Crim.P., upon which defendant relies, provides in pertinent part:

> "For the convenience of parties and witnesses, and in the interest of justice, the court upon motion of the defendant may transfer the proceeding * * * to another district."

A motion to transfer pursuant to Rule 21(b) is essentially one directed to the broad discretion of the court. 2 C. Wright, Federal Practice and Procedure § 344, at 637 (1969); see *United States v. McGregor*, 503 F.2d 1167, 1169–70 (8th Cir. 1974), *cert. denied*, 420 U.S. 926, 95 S.Ct. 1122, 43 L.Ed.2d 395 (1975); *United States v. Polizzi*, 500 F.2d 856, 899 (9th Cir. 1974), *cert. denied*, 419 U.S. 1120, 95 S.Ct. 802, 42 L.Ed.2d 820 (1975); *United States v. Phillips*, 433 F.2d 1364, 1368 (8th Cir. 1970), *cert. denied*, 401 U.S. 917, 91 S.Ct. 900, 27 L.Ed.2d 819 (1971); *Jones v. Gasch*, 131 U.S.App.D.C. 254, 404 F.2d 1231, 1242 (1967), *cert. denied*, 390 U.S. 1029, 88 S.Ct. 1414, 20 L.Ed.2d 286 (1968); *United States v. Green*, 373 F.Supp. 149, 153–54 (E.D.Pa.), *aff'd*, 505 F.2d 731 (3d Cir. 1974), *cert. denied*, 420 U.S. 978, 95 S.Ct. 1405, 43 L.Ed.2d 659 (1975); *United States v. Jessup*, 38 F.R.D. 42, 45 (M.D.Tenn.1965). Moreover, both the 1966 Advisory Committee Notes and the observations of commentators make it clear that transfer pursuant to Rule 21(b) may be ordered even to a district in which no part of the offense was committed. See, *e. g.*, Moores, Federal Practice ¶ 21.02 at 4, 21.04[1] at 12–12.1 (2d ed. 1974).

In what has been regarded as the leading case on Rule 21(b), *Platt v. Minnesota Mining & Mfg. Co.*, 376 U.S. 240, 243–44, 84 S.Ct. 769, 11 L.Ed.2d 674 (1963), the Supreme Court listed ten factors which the district court had considered in its determination of whether transfer would be in the interest of justice. Although the Supreme Court did not specifically approve the list—noting merely that both parties and the Court of Appeals had agreed that the first nine factors enumerated were appropriate— and based its decision on other grounds, many courts, as well as commentators, have construed *Platt* as having at least tacitly adopted the list, and, citing *Platt*, have applied the listed factors in deciding particular Rule 21(b) motions. See, *e. g., United States v. McGregor, supra* at 1170; *Jones v. Gasch, supra*, 404 F.2d at 1242; *United States v. Green, supra* at 153–54; *United States v. Clark*, 360 F.Supp. 936, 941 (S.D.N.Y.1973); *United States v. Plott*, 345 F.Supp. 1229, 1232–34 (S.D.N.Y.1972).

The factors enumerated in *Platt* include:

> " '(1) location of corporate defendant; (2) location of possible witnesses; (3) location of events likely to be in issue; (4) location of documents and records likely to be involved; (5) disruption of defendant's business unless the case is transferred; (6) expense to the parties; (7) location of counsel; (8) relative accessibility of place of trial; (9) docket condition of each district or division involved; and (10) any other

special elements which might affect the transfer.'"

Although *Platt* predates the 1966 amendment to Rule 21(b), since that amendment "did not * * * create an essentially new yardstick by which requests for removal are to be judged", *Jones v. Gasch, supra* 404 F.2d at 1237, *Platt* remains the most cited precedent on Rule 12(b).

## III.

Based upon the uncontradicted record before the Court, the first nine factors listed in *Platt* are either inapplicable here or weigh heavily against transfer. All the witnesses presently projected to be called are located in New York. All the events likely to be in issue occurred in New York. The documents and records, although not voluminous, are located in New York. There is no claim that defendant would suffer greater inconvenience in his legitimate business activities if the case were not transferred. The differences in expense, convenience to counsel, relative accessibility of the place of trial and likelihood of a speedy trial are insubstantial.

The only factor listed in *Platt* which might arguably militate in favor of transfer, although I do not believe that it does, is the tenth, or miscellaneous, category. Defendant apparently has concluded that he would be eligible for "Young Adult Offender" treatment in Connecticut, but not in New York and that for this reason the interest of justice would be served if he were sentenced in Connecticut. When reduced to its essence, this motion is thus clearly motivated by a desire to be sentenced in a district in which defendant believes he will receive a lighter sentence.

## IV.

■ The possibility of more lenient punishment has never before been ruled to provide a basis for transfer under Rule 21(b), and I decline to be the first so to rule. In fact, to transfer for such a reason would invite venue shopping, a practice which obviously should not be encouraged, either on the part of defendant, by way of motion, or on the part of the Government, through its initial choice of venue. Even assuming *arguendo* that the multiple statutory violations charged in the two indictments arise out of the same series of transactions, the Government still has the right, within reason, to try each violation separately, in the district of its choice, subject, of course, to applicable venue rules and to the defendant's right to be protected against harassment and double jeopardy. See *United States v. Cala*, 521 F.2d 605 (2d Cir. 1975); *United States v. Nathan*, 476 F.2d 456, 459 (2d Cir.), *cert. denied*, 414 U.S. 823, 94 S.Ct. 171, 38 L.Ed.2d 56 (1973).

Defendant's claim that had he contemplated a second indictment he "might" not have agreed to enter a plea in Connecticut is an even less persuasive argument in favor of transfer. Not only is the relevancy of this assertion to a Rule 21(b) motion obscure at best, but in this particular case there is no assertion that defendant has attempted, or intends to attempt, to withdraw the earlier plea. To the contrary, defendant has represented to this Court that

"should this Court grant defendant's motion for transfer, defendant will not contest his charges but attempt to cooperate in making whatever disposition of the New York indictment is deemed appropriate by the United States District Court in Connecticut. Therefore, if this matter is transferred, it will be for the limited purpose of entering a plea and sentencing. Accordingly, since the Court in Connecticut has at its disposal a pre-sentencing report, it is respectfully suggested that that Court is best equipped to dispose of this entire case."

Thus, in effect, defendant has announced to the Court that the purpose of this motion is to secure a transfer for plea and sentence, an application ordinarily made under Rule 20, F.R.Crim.P. However, by couching his request in the terminology of Rule 21(b), defendant is

apparently hoping to avoid Rule 20's requirement of consent by the United States Attorney—consent which was withheld in this case.

Without ruling on the propriety of such a practice, see *Jones v. Gasch, supra,* where the D.C. Circuit disapproved of an attempt to splice the standards for transfer contained in Rule 21(a) with those of Rule 21(b), suffice it to say that in this particular case, where every other factor considered weighs against transfer, the motion must be denied.

So ordered.