**In re John K. KERSHAW, et ux., Petitioners,**

v.

**The Honorable George PAINE, II, etc., Respondent.**

**Civ. A. No. 3:87–0165. Bankruptcy No. 383–00432.**

United States District Court, M.D. Tennessee, Nashville Division.

Nov. 12, 1987.

Amendment Denied Jan. 22, 1988.

John K. Kershaw, pro se.

B. Gail Reese, Nashville, Tenn., for respondent.

## MEMORANDUM OPINION, FINDINGS AND ORDER

NEESE, Senior District Judge, sitting by designation and assignment.

This appears to be an application to the Court by debtors for the issuance of a writ in the nature of a mandamus to the defendant, a Bankruptcy Judge of this District.[*] Bankruptcy case no. 383-00432 pends before such Bankruptcy Judge in which the plaintiffs Mr. John K. Kershaw and Ms. Mary N. Kershaw are the debtors.

*Inter alia,* the debtors would have this Court compel such Bankruptcy Judge (1) to allow them to submit a current disclosure statement and plan of reorganization to a tribunal other than the Bankruptcy Court for the Middle District of Tennessee; (2) to submit under the Bankruptcy Code, chapter 12, such plan of reorganization; (3) to vacate: (a) all fines, sanctions and attorneys' fees imposed upon them, (b) an order of turnover, an order of contempt, and the summary judgment entered against them, denying them their discharge.

"The district courts shall have original jurisdiction of any action in the nature of a mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. " * * * [A]ll courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a).

"Historically, mandamus is an extraordinary remedial process awarded only in the exercise of sound judicial discretion. Before such a writ may issue, it must appear that the claim is clear and certain and the duty of the officer involved must be ministerial, plainly defined and peremptory. * * * The duty sought to be exercised must be a positive command and so plainly prescribed as to be free from doubt." *Prairie Band of Pottawatomie Tribe of Indians v. Udall,* 355 F.2d 364, 367 (10th Cir.1966), *cert.den.,* 385 U.S. 831, 87 S.Ct. 70, 17 L.Ed.2d 67 (1966).

The Court FINDS that those tests do not appear affirmatively from the pleadings of the plaintiffs herein; indeed, the gravamen of the complaints of the plaintiffs seems to be that the defendant Bankruptcy Judge made certain wrong decisions in Bankruptcy case no. 383-00432, *supra.* "Extraordinary writs are 'reserved for really extraor-

---

[*] The pleadings of the plaintiffs are drawn so inartfully that it is difficult for this Court to gain comprehension of precisely all the relief they are seeking; however, they specified they pray relief "in the nature of a mandamus."

dinary causes' * * * and then only 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" *Platt v. Minnesota Mining and Manufacturing Co.*, 376 U.S. 240, 245, 84 S.Ct. 769, 772 [3], 11 L.Ed.2d 674 (1964) ("the writ [of mandamus] cannot be used 'to actually control the decision of the trial court,'" *id.* 84 S.Ct. at 772[4]).

This Court discerns no abuse whatever of discretion by the defendant Bankruptcy Judge and FINDS the jurisdiction of this Court, under either 28 U.S.C. §§ 1361 or 1651(a), has not been invoked properly. Accordingly, the complaint lacks merit and hereby is

DISMISSED.