**UNITED STATES of America**

v.

**Paul NOETZEL, Frank Petro, Jack Moran and Edward Mack.**

**Crim. A. No. 88–0301–F.**

United States District Court, D. Massachusetts.

March 15, 1989.

Thomas Lesser, Northampton, Mass., for Noetzel.

Carl L. Masztal, Miami, Fla., for Moran.

Kevin O'Regan, Asst. U.S. Atty., Springfield, Mass., for U.S.

## MEMORANDUM AND ORDER REGARDING PRETRIAL MOTIONS OF DEFENDANTS NOETZEL AND MORAN

MICHAEL A. PONSOR, United States Magistrate.

Of the four defendants in the above-entitled case one, Petro, is still at large. A second, Mack, has filed no motions. Defendant Moran filed a number of motions; his attorney has waived argument on these motions and the rulings are set forth below. Defendant Noetzel filed motions, appeared for argument and filed a supplemental affidavit. The Government has also filed an affidavit *in camera*. Rulings on defendant Noetzel's motions are also set forth below.

### A. Motions of Defendant Moran.

#### 1. *Motion for Bill of Particulars.*

■ This motion is DENIED. As the defendant and Government agree, the purpose of a Bill of Particulars is to prevent unfair surprise to the defendant at trial and to ensure that he does not risk double jeopardy. The recitation of overt acts with regard to this defendant indicates the approximate time of month, the year, the state, the city and the place within the city where the defendant is alleged to have performed overt acts in support of the conspiracy. The absence of a precise date in the recitation of overt acts—at least on the facts of this case, where no specific need for the precise date has been shown—is not unfairly prejudicial and does not justify an

order requiring the Government to produce a Bill of Particulars.

### 2. *Motion for Disclosure of All Evidence Favorable to the Defendant.*

■ This motion focuses on certain statements made by the codefendant Noetzel which might, at a stretch, be considered exculpatory. The motion is DENIED, except for a small portion, for the following reasons. First, the defendant possesses the statement of the co-defendant Noetzel. It is quoted at length in his memorandum. Second, the Government does not have an "exact statement" or Noetzel's oral comments, but only has knowledge of the "substance of the statement," which has already been provided to the defendant.

In minor respects the motion will be ALLOWED. The motion seeks three other pieces of information which clearly may be exculpatory. The first of these is the name of the "Cuban male," if known to the Government, who, according to Noetzel's statement, was his source of cocaine. The second is the address of "Red Feather Imports," the business which was allegedly owned by the "Cuban male." The third is the name of the relative of the co-defendant Noetzel who allegedly introduced the Cuban male supplier to the co-defendant Noetzel. The items of information are ordered to be produced to the defendant within ten (10) days of the date of this order, *if known to the Government.* All of this information would tend to show that an individual other than the defendant Moran was Noetzel's supplier. Of course, it is conceivable that the information contained in the co-defendant Noetzel's statement was an invention of the moment and that none of the persons or places actually exist. If this is so, obviously, the Government cannot be ordered to produce them and may simple confirm it does not have the information, within the 10-day period set forth above.

### 3. *Motion for Change of Venue or Payment of Transportation and Hotel Expenses.*

This is a significant motion raising somewhat difficult issues.

■ The defendant is alleged to be the Florida end of a Massachusetts–Florida cocaine distribution network. According to counsel, he has a substantial business in Florida that depends on his presence, and the witnesses he would offer in his own defense all live in Florida. Defense counsel himself lives in Florida. Although these "facts" are recited in defendant's counsel's memo, it is significant, as will be seen, that none of these averments is supported by any affidavit setting forth specifics as to (for example) defendant's finances, potential witnesses and the nature of his employment demands.

Fed.R.Crim.P. 21(b) gives the district court discretion to transfer a case to another district "in the interest of justice...." The Supreme Court in *Platt v. Minnesota Mining Co.,* 376 U.S. 240, 84 S.Ct. 769, 11 L.Ed.2d 674 (1964), listed nine factors to be considered in determining whether justice would be served in permitting a transfer. Viewing these factors strictly from the perspective of the single co-defendant raising the issue here, the court must conclude that they cut substantially in his favor. This defendant is located in Florida, his possible witnesses live there, the location of the events involving him is Florida, documents and records relating to him are to be found in Florida, trial in Massachusetts will be disruptive and expensive to him and his attorney is located in Florida. The other factors, relative accessibility and the docket condition of each district, are neutral. Thus, were this defendant the only one going to trial, a transfer to the Southern District of Florida would appear strongly indicated.

The problem is the co-defendants. At least one, Noetzel, has ties as strong to the Western Massachusetts area as Moran has to Southern Florida. He would suffer the same disabilities in a trial in the Miami area. Moreover, he is presently incarcerated in Western Massachusetts.

If this defendant's case is transferred, in order to be fair to both defendants, a severance would probably be necessary. In general, a defendant seeking a severance bears a heavy burden, since separate trials, dou-

ble (at a minimum) the expense to the Government and the inconvenience and disruption to its witnesses, some of whom are private persons. The conduct of two trials would constitute a severe burden upon the Government.

██ Under these circumstances, where various defendants occupy conflicting positions, the court concludes that it must consider the position of *all* defendants in applying the factors set forth in the *Platt* decision. Moreover, where a transfer would necessitate severance, the court must also consider the impact upon the Government and the administration of justice as one variable in the equation.

Taking these considerations together, the court concludes that—at least absent some more specific showing of prejudice from the defendant—the transfer should be denied. Although the inconvenience to defendant is obvious, the degree of prejudice is not. Defendant apparently has the resources to retain private counsel. Moreover, no detailed showing of his financial situation, of facts pertaining to the witnesses he would need to call, or of the impact upon his business has been made. If appropriate, this showing could be made *in camera*. Right now, as noted, defendant has not even submitted an affidavit in support of his motion. For these reasons, the motion is hereby DENIED.

4. *Motion to Compel Disclosure of Existence and Substance of Promises of Immunity, Leniency or Preferential Treatment.*

This motion is hereby DENIED, with the understanding that all promises, rewards and inducements will be disclosed to defendants no later than three (3) working days prior to trial. The Government has made an *in camera* submission with regard to promises, rewards and inducements which demonstrates at least three things: (1) the persons receiving these inducements have little, if any, evidence of an exculpatory or helpful nature; (2) defendant's counsel will have ample time to make use of the disclosed promises, rewards and inducements if they are received three (3) working days prior to trial and (3) objective facts support a conclusion that the early release of the

promises, rewards and inducements might create a risk of physical harm to some or all of the persons receiving the promises, rewards or inducements.

5. *Motion for Leave to File Additional Motions.*

The motion is ALLOWED. Any further motions by this defendant will be filed no later than March 27, 1989.

B. Motions of Defendant Noetzel.

1. *Motion for Bill of Particulars.*

██ The indictment itself contains sufficient information to permit the defendant to prepare a defense and avoid the risk of double jeopardy, except in one respect. All the overt acts list an approximate date and specific location in Florida. The manner and means are also generally described. As to one overt act, occurring on or about late January 1986, the defendant is alleged merely to have traveled to Florida, without a specification as to the location within Florida. If it knows, the Government is hereby ordered to file a Bill of Particulars stating at least the town, or other specific location in Florida to which the defendant is alleged to have traveled for the purpose of arranging the delivery of ten ounces of cocaine to Massachusetts. In all other respects, this motion is hereby DENIED.

2. & 3. *Motion for Production of Exculpatory Information and Material and Motion for Giglio Material.*

These motions are hereby DENIED upon the following express conditions: (1) the Government has already reviewed its files and found that it is not in possession of any exculpatory information subject to early disclosure pursuant to Local Rule 42; (2) all impeachment material, which Chief Judge Freedman has recently held is not subject to early disclosure pursuant to Local Rule 42, will be produced for review by counsel for the defendant no later than three (3) working days prior to trial and (3) all promises, rewards and inducements and names of Government informants, if any, will be produced at least three (3) working days prior to trial. The latter ruling is

based upon the Government's *in camera* submission which, as noted above in connection with the motions of the co-defendant Moran, demonstrates that earlier disclosure would not assist the defendant and would create a significant risk of physical danger to certain Government witnesses.

### 4. *Motion to Preserve Documents, Writings, Memoranda and Other Evidence.*

This motion is ALLOWED, to this extent. Documents, notes, tape recordings and other material generated in connection with this investigation and under the control of agents of the Government will be preserved. In all other respects, the motion is DENIED.

### 5. *Motion for Discovery.*

This motion contains 24 sub-parts.

(1). This portion of the motion is DENIED, the Government having complied with the provisions of Fed.R.Crim.P. 16 relating to statements of the defendant.

(2). This portion of the motion is ALLOWED, to the extent that the Government is ordered to produce for review by the defendant a copy of the statements of any co-conspirator which the Government intends to offer into evidence in its case in chief against this defendant under the co-conspirator exception to the hearsay rule, at least three (3) working days prior to trial. In all other respects, the motion is DENIED.

(3). This portion of the motion is DENIED, except to the extent that any confessions, admissions or statements of any alleged co-conspirator or co-defendant tend to exculpate the defendant. Material in this category, if any, must be produced forthwith.

(4). This portion of the motion is ALLOWED, to the extent that the Government is ordered to produce at least three (3) working days prior to trial the criminal record of the defendant and of its witnesses.

(5). This portion of the motion is DENIED, the Government having indicated that it will make available to the defendant all physical evidence.

(6). This portion of the motion is DENIED for the reason set forth above.

(7). This portion of the motion is DENIED for the reason set forth above.

(8). This portion of the motion is DENIED, with the understanding that the Government will comply with Fed.R. Crim.P. 16.

(9). This portion of the motion is DENIED, except to the extent that the Government is ordered to produce the name of any confidential informants at least three (3) working days prior to trial.

(10). This portion of the motion is DENIED.

(11). This portion of the motion is DENIED. There are no special reasons why the Government should be required to disclose its witnesses on the facts of this case.

(11)(a). This portion of the motion is ALLOWED. If the Government intends to use the co-defendant Mack as a witness, the Government is ordered to disclose to the defendant's counsel, within ten (10) days of this order, the dates and locations of courts where Mack has previously testified on behalf of the Government since July, 1986, if it knows.

(12). This portion of the motion is ALLOWED to the extent required by Fed.R. Crim.P. 16(a)(1)(D) and is otherwise DENIED.

(13). This portion of the motion is DENIED, on the ground that its substance has been addressed previously.

(14). This portion of the motion is ALLOWED, to the extent that the Government intends to introduce evidence at trial obtained from any search. In all other respects, it is DENIED.

(15). This portion of the motion is DENIED, on the ground that the defendant lacks standing to object to any search other than the ones listed in Item 14.

(16). This portion of the motion is DENIED as lacking authority and as violating, at least in part, the Jencks Act.

(17). This portion of the motion is ALLOWED, to the extent that there has been any electronic surveillance in this case. If

there has been no such surveillance, no response is required.

(18). This portion of the motion is ALLOWED, to the extent of any conversations to which the defendant was a party and with the understanding that the transcripts, if any, will be produced no later than three (3) working days prior to trial. If there were no interceptions, no response is required.

(19). This portion of the motion is DENIED, since it appears to have no relevance to this case.

(20). This portion of the motion is DENIED, since it appears to have no relevance to this case.

(21). This portion of the motion is ALLOWED, to the extent required by Rule 16(a)(1)(C).

(22). This portion of the motion is DENIED, on the assumption that no identification procedures were used in this case.

(23). This portion of the motion is DENIED, on the assumption that no voice identification procedures were used in this case.

(24). This portion of the motion is DENIED, on the assumption that no use or attempted use of hypnosis on any prospective Government witness occurred in this case.

As to Items 22–24, if any of the court's assumptions is incorrect, the Government should so indicate and the ruling will be reconsidered. Unless otherwise specifically indicated, supplemental disclosures ordered above will be made within ten (10) days of this memorandum.

6. *Motion to File Additional Motions.*

This motion is ALLOWED. Any additional motions will be filed no later than March 27, 1989.

It is So Ordered.