**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**John RAYMOND, Defendant—
Appellant.**

No. 97–50642.
D.C. No. CR–97–00025–WDK.

United States Court of Appeals,
Ninth Circuit.

Submitted May 11, 2001.*

Decided May 18, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See Fed.* R.App. P. 34(a)(2).

**514**

Before RYMER, HAWKINS, and GOULD, Circuit Judges.

MEMORANDUM **

John Raymond appeals his conviction, following a jury trial, of four counts of interstate travel and use of an interstate commerce facility in the commission of murder-for-hire in violation of 18 U.S.C. § 1958.

■ First, Raymond contends that the district court abused its discretion in denying his motion to transfer the case to the District of Arizona. We review the denial of a motion to transfer for abuse of discretion. *United States v. Etsitty,* 130 F.3d 420, 424 (9th Cir.1997); Fed.R.Crim.P. 18.

In *Platt v. Minnesota Mining and Manufacturing Co.,* 376 U.S. 240, 243–44, 84 S.Ct. 769, 11 L.Ed.2d 674 (1964), the Supreme Court outlined ten specific factors that a court should consider in determining the appropriateness of a transfer pursuant to Federal Rule of Criminal Procedure 21(b). In denying Raymond's motion to transfer, the district court properly relied on *Platt,* addressed each of the ten factors, and determined that the case should remain in the Central District of California. The district court did not abuse its discretion by refusing to transfer the case in light of the *Platt* factors.

■ Second, Raymond argues that the district court abused its discretion by failing to recuse the district court judge. We review a district court's decision to deny a motion for recusal for abuse of discretion. *United States v. Wilkerson,* 208 F.3d 794, 797 (9th Cir.2000).

The substantive standard for recusal under 28 U.S.C. §§ 144 and 455 is the same: " '[W]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.' " *Id.* (quoting *United States v. Hernandez,* 109 F.3d 1450, 1453 (9th Cir.1997)). The Supreme Court has explained that:

> [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings ... do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.

*Liteky v. United States,* 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994).

■ The district court did not abuse its discretion in denying Raymond's motion for recusal. As an initial matter, Raymond does not assert that the court's alleged bias or partiality stemmed from an extrajudicial source. More importantly, our review of the record indicates that Raymond failed to demonstrate that the trial court's behavior was so extreme as to display a "clear inability to render fair judgment." *Id.* at 551, 114 S.Ct. 1147.

Finally, Raymond contends that the district court erroneously sentenced him to consecutive terms of imprisonment. Because Raymond failed to object to the district court's imposition of sentence, our review is for plain error. Fed.R.Crim.P. 52(b); *see also United States v. Olano,* 507 U.S. 725, 730–32, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

Sentencing Guidelines Manual section 5G1.2(d) applies to sentences imposed in a multiple count case and provides in relevant part:

> If the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment.

Further, "[t]he combined length of the sentences ('total punishment') is determined by the adjusted combined offense level. To the extent possible, the total punishment is to be imposed on each count." U.S. SENTENCING GUIDELINES MANUAL § 5G1.2, commentary.

■ Here, pursuant to Raymond's adjusted combined offense level, the total punishment was 188 months. Because the count carrying the highest statutory maximum was less than the total punishment, the district court was required to impose a consecutive sentence on one or more of the remaining counts to achieve the total punishment. *See* U.S. SENTENCING GUIDELINES MANUAL § 5G1.2(d).

Relying on 18 U.S.C. § 3584(a), Raymond maintains that his terms of imprisonment may not run consecutively because "indisputably all four counts were an attempt to obtain the sole objective of having [my] wife murdered."

We reject this contention. Raymond was sentenced for four separate violations of interstate travel or use of an interstate commerce facility in the commission of a murder-for-hire; Raymond was not sentenced for an attempt and for another offense that was the sole objective of the attempt. Because 18 U.S.C. § 3584(a) is inapplicable in this case, the district court did not err by sentencing Raymond to consecutive terms of imprisonment pursuant to section 5D1.2(d) of the Sentencing Guidelines.

AFFIRMED.

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.