**UNITED STATES of America,**

v.

**Ronald TEMPLIN, Defendant.**

**No. 02 CR. 792(MGC).**

United States District Court, S.D. New York.

March 14, 2003.

I. Bennett Capers, U.S. Attorney, New York City, for U.S.

## MEMORANDUM OPINION

CEDARBAUM, District Judge.

This morning I granted defendant's motion to transfer this criminal proceeding for the reasons that follow.

Fed.R.Crim.P. 21(b) provides:

For the convenience of parties and witnesses, and in the interest of justice, the court upon motion of the defendant may transfer the proceeding as to that defendant or any one or more of the counts thereof to another district.

"Disposition of a Rule 21(b) motion is vested in the sound discretion of the district court." *U.S. v. Maldonado–Rivera*, 922 F.2d 934, 966 (2d Cir.1990). In deciding whether transfer is appropriate under Rule 21(b), a court should consider and balance the non-exclusive list of factors set out in *Platt v. Minnesota Mining & Mfg. Co.*, 376 U.S. 240, 84 S.Ct. 769, 11 L.Ed.2d 674 (1964). These factors include: (1) the location of the defendant; (2) the location of possible witnesses; (3) the location of events likely to be at issue; (4) the location of relevant documents; (5) the potential for disruption of the defendant's business if transfer is denied; (6) expenses to be incurred by the parties if transfer is denied; (7) the location of counsel; (8) the relative accessibility of the place of trial; (9) docket conditions in each district; and (10) any other special circumstances that might bear on the desirability of transfer. *Platt*, 376 U.S. at 243–44, 84 S.Ct. 769. No one of these factors is dispositive, and a balance should be struck in determining which are of the greatest importance in the case before the court. *Maldonado–Rivera*, 922 F.2d at 966.

Courts often go through a factor-by-factor analysis to determine whether

the defendant has borne his burden of showing that transfer is in the interest of justice. In this case, Factor (8) has no bearing; and the docket conditions (factor (9)) in Indiana as compared to the Southern District of New York have not been addressed by either party. Factor (2) does not favor either party. Factors (4) and (7) favor the government marginally. But factors (1), (3), (5) and (6) weigh heavily in favor of defendant. Defendant resides in Indiana, his business is in Indiana, and all of the illegal acts alleged took place in Indiana. Defendant will bear great expense if he is required to travel to New York and to reside in New York during trial.

Defendant's internet business touched all 50 states and there is no particular reason why this case should be tried in the Southern District of New York, rather than in Indiana—the state where defendant resides and works, and where all of the charged illegal activities took place. Therefore, in the exercise of my discretion, defendant's motion to transfer this proceeding to the United States District Court for the Southern District of Indiana is granted.

This is an unusual case in that the center of gravity of the case is so clearly in the State of Indiana.

SO ORDERED.