

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-16-2003

# USA v. Pineiro

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-1958

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Pineiro" (2003). *2003 Decisions*. Paper 365.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/365

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No:  02-1958
_____

UNITED STATES OF AMERICA

v.

LUIS PINEIRO,

Appellant

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 00-cr-00257-1)
District Judge: Honorable William H. Yohn

_____

Submitted Under Third Circuit LAR 34.1(a)
on March 3, 2003

Before: ROTH, BARRY and FUENTES, Circuit Judges

(Opinion filed : June 30, 2003 )

OPINION

ROTH, Circuit Judge:

On September 28, 2001, Luis Pineiro was found guilty by a jury of conspiracy to distribute more than five kilograms of cocaine in violation of 21 U.S.C. § 846. On February 7, 2002, Pineiro was sentenced to 211 months imprisonment. Judgment was entered on February 11, 2002. On March 26, 2002, Pineiro filed his Petition to File Appeal Out of Time along with a Notice of Appeal. The District Court granted both the petition and the notice and filed Pineiro's Notice of Appeal as of March 26, 2002.

The Government challenges this appeal on the ground that it was untimely and therefore we lack jurisdiction. We disagree. Our review of the relevant dates, pursuant to Federal Rule of Appellate Procedure 4(b)(1)(A), convinces us that the appeal was timely filed.

Pineiro raises two issues in his appeal. First, he contends that the District Court erred in denying his request to transfer venue. Venue was proper in the Eastern District of Pennsylvania. Nevertheless, Pineiro claims that the case should have been transferred to the Southern District of Florida because that is where his witnesses reside. Location of witnesses is one factor that a district court can consider when reviewing a request for transfer of venue. *See Platt v. Minnesota Mining & Manufacturing Co.*, 376 U.S. 240, 243-44 (1964). In this case, however, there were no other factors favoring transfer and

2

indeed several, including the location of the most of the conspiratorial activity and the location of the government's witness, favored holding the trial in the Eastern District of Pennsylvania. We conclude that the District Court did not abuse its discretion in denying the request for change of venue.

Pineiro also contends that he was illegally sentenced when the District Court found by a preponderance of the evidence that he was responsible for 50 to 150 kilograms of cocaine. He argues that, pursuant to *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the drug quantity attributable to him should have been decided by the jury. The jury did, however, find that Pineiro had distributed more that five kilograms of cocaine in violation of 21 U.S.C. § 846. Pursuant to § 841(b)(1)(A)(ii), the maximum statutory penalty for this offense is life in prison. Since Pineiro's sentence of 211 months imprisonment was less that the statutory maximum, *Apprendi* is not applicable. *See, e.g., United States v. Williams*, 235 F.3d 858, 862-64 (3d Cir. 2000), *cert. denied*, 122 S.Ct. 49 (2001).

For the above reasons, we will affirm the judgment of the District Court.

_____

TO THE CLERK:

     Please file the foregoing Opinion.

                        By the Court,

                        /s/ Jane R. Roth
                        Circuit Judge