**UNITED STATES of America,**

v.

**Frank QUATTRONE, Defendant.**

**No. 03 CR. 582(RO).**

United States District Court,
S.D. New York.

Aug. 6, 2003.

James B. Comey, U.S. Atty., Steven R. Peikin, David B. Anders, Assit. U.S. Attorneys, for U.S.

John W. Keker, Keker & Van Nest, LLP, San Francisco, CA, for Defendant.

## *OPINION AND ORDER*

OWEN, District Judge.

Defendant Quattrone moves for an order directing the turnover of testimony and exhibits before a certain grand jury which he is charged with obstructing and to transfer the trial to the Northern District of California where he resides.

■ According to the indictment, defendant's conduct culminated and terminated in early December, 2000. The materials the defendant seeks are those the grand jury had before it *after* the obstruction is alleged to have occurred. What occurred before the grand jury in the months after the events alleged in the Indictment took place do not bear on defendant's state of mind at the time of his alleged conduct, for by that time, the crime, if it was committed, was completed. Therefore, not only are the materials requested not material to the preparation of any defense to these charges, but they certainly do not outweigh the concerns regarding grand jury secrecy, and as such, are not discoverable under the Federal Rules of Criminal Procedure.

■ Defendant has also moved to transfer this case to the Northern District of California, under Rule 21(b) of the Federal Rules of Criminal Procedure, which allows the Court to transfer a criminal case "[f]or the convenience of parties and witnesses, and in the interest of justice...." However, "the burden is on the moving defendant to justify" such a transfer. *United States v. Aronoff,* 463 F.Supp. 454, 461 (S.D.N.Y.1978). Defendant has not met this burden under the factors to be considered as laid out in *Platt v. Minn. Mining & Mfg. Co.,* 376 U.S. 240, 243–44, 84 S.Ct. 769, 11 L.Ed.2d 674 (1964). While the defendant resides in the Northern District of California and while I credit and am empathetic to a distressing family situation, the trial is only scheduled to last two weeks and I do not find these factors to be dispositive. There are witnesses located in both districts, relevant events occurred in

both districts, documents are located in both districts, and the grand jury involved was here. In addition, consideration is to be given to the fact that, whatever the outcome of the trial, the Indictment— that is, the charges— was put together in all its detail by a staff of lawyers in this district and thereafter returned in this district, with a mutually-consented speedy trial date but weeks away. *See United States v. Spy Factory, Inc.*, 951 F.Supp. 450, 464 (S.D.N.Y.1997). The motion to transfer is denied.

So Ordered.