UNITED STATES of America,
Plaintiff,

v.

Dale A. MONCRIEFFE, a/k/a George A. Goodman, and Garfield Kirk Atkins, a/k/a Gary Atkins, a/k/a Gary Atkinson, a/k/a Henry Mitchell, Defendants.

No. 4:06–cr–00250.

United States District Court,
S.D. Iowa,
Central Division.

April 30, 2007.

Debra L. Scorpiniti, United States Attorney, Des Moines, IA, for Plaintiff.

Wayne Sachs, Law Office of Wayne Sachs, Philadelphia, PA, John P. Roehrick, Roehrick Krull & Blumberg PC, Des Moines, IA, for Defendant.

## ORDER ON DEFENDANT'S MOTION TO TRANSFER PROCEEDINGS FOR TRIAL

PRATT, Chief Judge.

## I. PROCEDURAL BACKGROUND

Before the Court is a Motion to Transfer the Trial in this case to the United States District Court for the Eastern District of Pennsylvania, filed by the Defendant, Dale A. Moncrieffe, on February 21, 2007. Clerk's No. 52. The Government filed a resistance to the motion on March 9, 2007. Clerk's No. 62. A hearing on the matter was held on April 13, 2007, at which time the Court received evidence and heard argument regarding the motion. Clerk's No. 87. Defendant Garfield Atkins entered a guilty plea on April 16, 2007 (Clerk's No. 89), and elected not to appear and be heard regarding Defendant Moncrieffe's motion. The matter is fully submitted.

## II. ANALYSIS

Federal Rule of Criminal Procedure 21(b) permits transfer of trial "to another district for the convenience of the parties and witnesses and in the interest of justice." "The decision whether the convenience of the parties and witnesses and the interest of justice require a transfer to another district belongs to the sound discretion of the district court." *United States v. Green*, 983 F.2d 100, 103 (8th Cir.1992) (citing *United States v. Phillips*, 433 F.2d 1364, 1368 (8th Cir.1970)). The factors guiding the Court's decision are those originally set forth in *Platt v. Minnesota Mining & Manufacturing Co.*, 376 U.S. 240, 243–44, 84 S.Ct. 769, 11 L.Ed.2d 674 (1964). *Platt* enumerated the following factors to be considered:

(1) location of corporate defendant; (2) location of possible witnesses; (3) location of events likely to be in issue; (4) location of documents and records likely to be involved; (5) disruption of defendant's business unless the case is transferred; (6) expense to the parties; (7) location of counsel; (8) relative accessibility of place of trial; (9) docket conditions of each district or division involved; and (10) any other special elements which might affect the transfer.

*Id.; see also United States v. McGregor,* 503 F.2d 1167, 1170 (8th Cir.1974) (noting that review of a district court's exercise of discretion is guided by the Platt factors). The burden is on the Defendant to justify transferring a case under Rule 21(b). *See In re United States,* 273 F.3d 380, 388 (3d Cir.2001) (citations omitted).

 Here, the Defendant is charged with conspiracy to distribute marijuana, and the Government seeks forfeiture of property resulting from the proceeds of the conspiracy. The case arises out of an October 25, 2006 stop of a semi truck in Dallas County within the Southern District of Iowa. Over $900,000 in currency was seized from the truck, money which can allegedly be linked to marijuana distribution activity throughout the United States. Testimony from the hearing revealed that the DEA obtained evidence from Delaware and Pennsylvania as a result of investigating the Iowa traffic stop, and that the evidence seized from those locations has been transferred to Iowa. No cases are currently open in Delaware and Pennsylvania related to these charges, but cases were previously open in those locations that cover the time frame alleged in the Second Superseding Indictment in the case. The Government alleges that the Defendants are involved in a conspiracy to traffic marijuana throughout the United States.

Regarding the location of the Defendants and their counsel, both Defendants are currently detained in the Southern District of Iowa. Defendant Moncrieffe's attorney is also located in the District. Defendant Atkins's attorney is located in Philadelphia, Pennsylvania, but Defendant Atkins has already pleaded guilty and has asserted no interest regarding this motion. *See* Clerk's No. 89. The Assistant United States Attorney assigned to the case works out of the Southern District of Iowa, and has informed the Court that she would likely have to travel with the case if it is transferred to the Eastern District of Pennsylvania or another east coast locale, due to the state of the dockets, availability of other prosecutors, and her familiarity with the case.

In regard to the location of possible witnesses, Defendant Moncrieffe lists approximately ten potential witnesses from Pennsylvania, and five potential witnesses from Florida, in addition to noting that other witnesses from each location may be needed for authentication of evidence. *See* Clerk's No. 58. These witnesses appear to be individuals the Defendant has dealt with in some capacity in his life in Pennsylvania and Florida, and would be called as part of the Defendant's anticipated defense argument that his lifestyle is inconsistent with being involved in a drug conspiracy. The Government, in contrast, lists seventeen potential witnesses, twelve from Des Moines, Iowa, three from Texas, and one each from Philadelphia, Pennsylvania and Wilmington, Delaware. *See* Mot. Hr'g Ex. 1. Five of the potential witnesses are members of the DEA, four are highway patrol officers, two are Iowa Division of Criminal Investigation lab technicians, and two others are also employed by the State of Iowa.

Turning now to consideration of the events likely to be at issue, the Court observes that the stop of the semi truck that led to the discovery of the money that instigated the investigation into the alleged drug distribution conspiracy originated in Dallas County in the Southern District of Iowa. The Defendant asserts, however, that the alleged conspiracy charged in this case originated mainly in Pennsylvania. The events that will be discussed in the case, therefore, might reference numerous locations throughout the country, but it is clear that the events that led to the arrest of the Defendants and discovery of the

alleged conspiracy occurred mainly in Iowa.

Similarly, any documents related to the traffic stop are located in Iowa. The evidence stemming from the now-closed east coast investigations has been transferred to law enforcement officials in Iowa. While the documents related to the Defendant's lifestyle are located in Pennsylvania and Florida, these documents do not present chain of custody issues or investiture of resources for transportation purposes as do the Government's investigative documents. The Court has not been presented with any evidence that Defendant Moncrieffe will have difficulty getting any documents relevant to his defense transported to the Southern District of Iowa from their Pennsylvania or Florida locations.

The Government also proffered that discussions with Justice Department officials on the east coast revealed that the current docket in Delaware can be described as "difficult" based on the fact there are three active judges, and the United States Attorney's office is not at full staff and would be unable to assign a prosecutor to take over the case if it is moved. The Assistant United States Attorney would have to travel to Delaware to continue pursuing the case if it is transferred. The current docket in the Eastern District of Pennsylvania can also be described as "jammed up." The district has twenty-two active judges, and some senior judges, but the timing of trial would be dependent on the docket of the judge to which the case is assigned and would be set for at least seventy days after transfer. It therefore appears that the Southern District of Iowa is in the best position to hear the case without any delay not attributed to the actions of the parties.

After considering all the information provided by the parties, the Court is unconvinced that the case should be transferred to the Eastern District of Pennsyl-vania, or anywhere else outside of the Southern District of Iowa. The case is already on the docket and is proceeding relatively quickly here. The discovery of the evidence concerning the alleged conspiracy occurred here, and the evidence from prior investigation of the alleged conspiracy has been transferred here. Both Defendants are already present in the District, and counsel for Defendant Moncrieffe is also located here. Regardless of where the trial in this case occurs, some witnesses from each side will have to travel. Defendant Moncrieffe is justifiably concerned with the ability of his potential witnesses to afford to travel to the District to testify on his behalf. The Court notes, however, that Federal Rule of Criminal Procedure 17(b) permits the subpoena of witnesses necessary for an adequate defense and permits the travel expenses of such necessary witnesses to be paid in the same manner as are the expenses of government witnesses under subpoena. The Defendant's concern in this regard can, therefore, be alleviated. *See also* 18 U.S.C. § 1821(c)(1) (stating the costs payable for subpoenaed witnesses include: "A witness who travels by common carrier shall be paid for the actual expenses of travel on the basis of the means of transportation reasonably utilized and the distance necessarily traveled to and from such witness's residence by the shortest practical route in going to and returning from the place of attendance."). Based on the information presented, the Court cannot find that "the convenience of the parties and witnesses" or "the interest of justice" requires transfer of this case outside of the Southern District of Iowa. Consequently, Defendant Moncrieffe's motion to transfer trial in this case is denied.

### III. CONCLUSION

For the reasons discussed above, Defendant Moncrieffe's Motion to Transfer the

Trial in this case to the United States District Court for the Eastern District of Pennsylvania (Clerk's No. 52) is DENIED. Trial in this case shall proceed in the Southern District of Iowa.

IT IS SO ORDERED.