**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4047

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

PAUL H. NOE, a/k/a Paul Noe Randall,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia. Joseph F. Anderson, Jr., Chief District Judge. (CR-02-96)

Submitted:  June 30, 2005        Decided:  August 10, 2005

Before MOTZ, KING, and GREGORY, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Johnny E. Watson, Sr., Columbia, South Carolina, for Appellant.  J. Strom Thurmond, Jr., United States Attorney, Eric Wm. Ruschky, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Paul H. Noe was convicted by a jury of conspiracy to commit wire fraud, wire fraud, and inducing the victim of a scheme to defraud to travel in interstate commerce, 18 U.S.C. §§ 371, 1343, 2314 (2000). He was sentenced to 78 months of imprisonment and three years of supervised release and ordered to pay $645,708.20 in restitution. Noe appeals, claiming that: (1) venue was improper in the District of South Carolina; (2) the district court abused its discretion in admitting certain testimony under Fed. R. Evid. 404(b); (3) the jury improperly rejected Noe's defense of reliance on advice of counsel; and (4) he was improperly sentenced under the Federal Sentencing Guidelines. We affirm Noe's conviction but vacate his sentence and remand for resentencing.

Noe first argues that venue was improper in the District of South Carolina rather than in the Southern District of Florida -- where he lives and where he claims the offenses occurred. However, 18 U.S.C. § 3237 (2000) provides that any offense begun in one district and completed in another or otherwise committed in more than one district may be prosecuted in any district in which the offense was begun, continued, or completed. The conduct alleged in the six counts of the indictment in which Noe was named all took place in South Carolina. Accordingly, the district court properly denied Noe's motion to transfer venue. We also find that the district court did not abuse its discretion in denying a

discretionary change of venue pursuant to Fed. R. Crim. P. 21(b) after considering the relevant factors. See Platt v. Minn. Mining & Mfg. Co., 376 U.S. 240, 243-44 (1964).

Next, Noe challenges the admission of testimony from five witnesses as a violation of Fed. R. Evid. 404(b). Specifically, Noe claims that the testimony of Rabbi Widom, Gary Esposito, William Fouss, Robert Payne, and Jack Daros was improperly admitted because none of them were mentioned in the indictment and their testimony was highly prejudicial.

A district court's rulings on the admission and exclusion of evidence will not be disturbed absent an abuse of discretion. United States v. Bostian, 59 F.3d 474, 480 (4th Cir. 1995). This court will find an abuse of discretion only if the district court's evidentiary ruling was arbitrary or irrational. United States v. Achiekwelu, 112 F.3d 747, 753 (4th Cir. 1997). Evidentiary rulings are also subject to review for harmless error under Fed. R. Crim. P. 52 and will be found harmless if the reviewing court can conclude "'without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error.'" United States v. Nyman, 649 F.2d 208, 211-12 (4th Cir. 1980) (quoting Kotteakos v. United States, 328 U.S. 750, 765 (1946)).

Evidence of other crimes or uncharged conduct is "not considered 'other crimes'" for Rule 404(b) purposes if it "'arose out of the same . . . series of transactions as the charged

offense, . . . or if it is necessary to complete the story of the crime [on] trial.'"  United States v. Kennedy, 32 F.3d 876, 885 (4th Cir. 1994) (quoting United States v. Towne, 870 F.2d 880, 886 (4th Cir. 1989)).  We find that the testimony at issue was necessary to complete the story of Noe's "advance fee" scheme. Although Holland was the only victim identified in the indictment, the testimony of the other victims was relevant to show Noe's intent and that Holland was not merely the victim of an unsuccessful business deal.

Noe's defense at trial was that he relied on advice of counsel.  On appeal, he contends that the jury should not have convicted him because he established that he acted in good faith on the advice of his attorney.  The "advice of counsel" defense requires the defendant to prove:  "(a) full disclosure of all pertinent facts to an expert, and (b) good faith reliance on the expert's advice."  United States v. Butler, 211 F.3d 826, 833 (4th Cir. 2000) (quoting United States v. Miller, 658 F.2d 235, 237 (4th Cir. 1981)).  Here, the district court properly instructed the jury as to the defense of "advice of counsel." Juries are presumed to follow instructions provided them.  Hinkle v. City of Clarksburg, 81 F.3d 416, 427 (4th Cir. 1996).

Finally, Noe claims, in his supplemental briefs, that the enhancements he received for amount of loss, number of victims, and use of sophisticated means violated the decision announced by the

Supreme Court in United States v. Booker, 125 S. Ct. 738 (2005). Because Noe did not raise this issue at sentencing, we review for plain error. United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005) (citing United States v. Olano, 507 U.S. 725, 731-32 (1993)).

The Supreme Court held in Booker, 125 S. Ct. at 746, 750, that the mandatory manner in which the federal sentencing guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment. The Court remedied the constitutional violation by severing two statutory provisions, 18 U.S.C. § 3553(b)(1) (2000) (requiring courts to impose a sentence within the applicable guideline range), and 18 U.S.C. § 3742(e) (2000) (setting forth appellate standards of review for guideline issues), thereby making the guidelines advisory. Hughes, 401 F.3d at 546 (citing Booker, 125 S. Ct. at 756-57).

In this case, the district court increased Noe's base offense level from 6 to 28 after finding that his conduct met the requirements of USSG §§ 2B1.1(b)(1)(H) (providing for a fourteen-level increase if the amount of loss exceeded $400,000), § 2B1.1(b)(2)(A) (providing a two-level increase where the offense involves more than 10 but less than 50 victims, § 2B1.1(b)(8)(C) (providing a two-level increase where the offense involves "sophisticated means"), § 3B1.1(a) (providing a four-level increase where the defendant was "an organizer or leader of a criminal

- 5 -

activity that involved five or more participants or was otherwise extensive"). With these enhancements, Noe's sentencing range increased from 0-6 months to 78-97. Because Noe received a higher sentence than would have been permissible based on the jury's findings alone, we vacate and remand for resentencing under an advisory Guidelines system. See Hughes, 401 F.3d 540.[*]

On remand, the district court should first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate for that determination. Id. at 546. The court should consider the sentencing range along with other factors described in 18 U.S.C. § 3553(a), and then impose a sentence. If that sentence falls outside the Guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C. § 3553(c)(2). The sentence must be "within the statutorily prescribed range . . . and reasonable." Id. at 546-47.

We deny Noe's motions for release on bail pending appeal and supplements, as well as his motion for production of grand jury documents and to relieve his attorney. We grant his motion to file a supplemental pro se brief and dispense with oral argument because the facts and legal contentions are adequately presented in the

---

[*]Just as we noted in United States v. Hughes, "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Noe's sentencing. 401 F.3d 540, 545 n.4 (4th Cir. 2005).

materials before the court and argument would not aid the decisional process.

                                                        <u>AFFIRMED IN PART,</u>
                                                       <u>VACATED IN PART,</u>
                                                          <u>AND REMANDED</u>