**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 05-5094**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

PAUL H. NOE, a/k/a Paul Noe Randall,

Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
South Carolina, at Columbia.   Joseph F. Anderson, Jr., Chief
District Judge.   (CR-02-96)

_____

Submitted:  June 28, 2006          Decided:  July 26, 2006

_____

Before MOTZ, KING, and GREGORY, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Johnny E. Watson, Sr., Columbia, South Carolina, for Appellant.
Reginald I. Lloyd, United States Attorney, Kevin F. McDonald,
Assistant United States Attorney, Columbia, South Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

This case is before the court after a remand to the district court for resentencing in light of United States v. Booker, 543 U.S. 220 (2005), and United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). Paul H. Noe (a.k.a. Paul Randall) was convicted by a jury of conspiracy to commit wire fraud, wire fraud, and inducing the victim of a scheme to defraud to travel in interstate commerce, 18 U.S.C. §§ 371, 1343, 2314 (2000). He was originally sentenced to 78 months of imprisonment, three years of supervised release, and ordered to pay $645,708.20 in restitution. We affirmed Noe's convictions but vacated his sentence and remanded to the district court for resentencing in accordance with Booker and Hughes. See United States v. Noe, No. 04-4047 (4th Cir. Aug. 10, 2005) (unpublished).

On remand, the district court conducted a resentencing hearing; Noe did not challenge the district court's factual findings in determining the advisory guidelines range. Those findings supported enhancements for amount of loss, number of victims, use of "sophisticated means," and being an organizer or leader. See U.S. Sentencing Guidelines Manual §§ 2B1.1(b)(1)(H), 2B1.1(b)(2)(A), 2B1.1(b)(8)(C), 3B1.1(a) (2004). Based on a total offense level of 28 and a criminal history category of I, Noe's guidelines sentence range was 78-97 months imprisonment. The district court again sentenced Noe to 78 months; he appeals.

- 2 -

Noe claims, first, that his Fifth and Sixth Amendment rights were violated because the court determined by a preponderance of the evidence--rather than a jury beyond a reasonable doubt--the factual findings supporting the sentencing enhancements he received for amount of loss, number of victims, use of sophisticated means, and being a leader or organizer. After Booker, a sentencing court is no longer bound by the range prescribed by the sentencing guidelines. See United States v. Hughes, 401 F.3d at 546. In a post-Booker sentencing, district courts must calculate the appropriate guideline range, consider the range in conjunction with other relevant factors under the guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2004), and impose a sentence. Id. Contrary to Noe's assertion, the use of the preponderance of the evidence standard while applying the guidelines as advisory does not violate the Sixth Amendment. See United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005); see also United States v. Dalton, 409 F.3d 1247, 1252 (10th Cir. 2005) (finding that Booker's remedy demonstrates that judicial fact finding by a preponderance of the evidence is unconstitutional only when it results in mandatory increase in defendant's sentence); United States v. Mares, 402 F.3d 511, 519 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005) (same). Therefore, Noe's Fifth and Sixth Amendment challenges to the calculation of his sentence are without merit.

Next, Noe contends that the district court gave Noe more time than was necessary to achieve the dictates of § 3553(a), given his age and poor health. However, the district court clearly considered both of these factors. The court took a six-day recess in order to obtain Noe's medical records from the Bureau of Prisons and concluded that he could be properly cared for in prison. Moreover, Noe's sentence is presumptively reasonable as it is within the properly calculated advisory guidelines range and within the statutory maximum (five years on each of counts one, two, and four, and ten years on count three). United States v. Green, 436 F.3d 449, 457 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006). We find that, because the district court appropriately applied the guidelines as advisory and properly considered the guideline range as well as the relevant factors under § 3553(a), Noe's sentence is reasonable.

Noe has also filed a motion to file a supplemental pro se brief in which he addresses counsel's claims and also asserts that the sentencing enhancements he received constituted impermissible "double-counting," citing Hughes. However, the court in Hughes, addressing the enhancement for obstruction of justice, noted that "[a]n enhancement for obstruction of justice constitutes impermissible double-counting only when the conduct giving rise to the enhancement is identical to the conduct giving rise to the underlying conviction." 401 F.3d at 558. Noe did not receive an

- 4 -

enhancement for obstruction of justice. Therefore, we find that Noe's sentencing enhancements did not constitute impermissible double-counting. Accordingly, we affirm Noe's sentence.

We grant Noe's motions to file a pro se supplemental brief and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED