**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-4788**

_____

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

     v.

ALFRED BUENSALIDA, a/k/a JJ,

             Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Roger W. Titus, District Judge.  (8:11-
cr-00061-RWT-1)

_____

Submitted:  July 29, 2013          Decided:  August 7, 2013

_____

Before KING, GREGORY, and KEENAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Thomas J. Saunders, LAW OFFICE OF THOMAS J. SAUNDERS, Baltimore,
Maryland, for Appellant.  Adam Kenneth Ake, OFFICE OF THE UNITED
STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alfred Buensalida appeals his conviction and the 180-month sentence imposed after he was found guilty by jury of conspiracy to distribute and possess with intent to distribute fifty or more grams of methamphetamine, in violation of 21 U.S.C. § 846 (2006). Counsel for Buensalida filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious issues for appeal but questioning: (1) whether the district court erred in denying Buensalida's motions to dismiss for lack of venue and to transfer venue; (2) whether the district court erred in failing to suppress wiretap evidence; (3) whether the district court erred in failing to suppress Buensalida's confession; and (4) whether the evidence was sufficient to support Buensalida's conviction. Buensalida has filed a pro se supplemental brief, repeating the issues raised by counsel and raising the following additional issues: (1) whether trial counsel provided ineffective assistance; (2) whether the district court erred in attributing over 500 grams of methamphetamine to him at sentencing; (3) whether the district court erred in applying a two-level sentencing enhancement for possessing a firearm; (4) whether the district court erred in applying statutory penalties of a minimum of ten years and a maximum of life in prison; (5) whether the district court erred in imposing a disparate

2

sentence; and (6) whether the district court improperly instructed the jury. The Government has elected not to file a brief. For the reasons that follow, we affirm.

I.

We first address the issue of venue. We review the district court's denial of a motion to dismiss for lack of venue de novo. United States v. Engle, 676 F.3d 405, 412 (4th Cir.), cert. denied, 133 S. Ct. 179 (2012). The Constitution guarantees a criminal defendant the right to be tried in the district where his offense was committed. U.S. Const., art. III, § 2; amend. VI; United States v. Rodriguez-Moreno, 526 U.S. 275, 276-82 (1999). A conspiracy may be prosecuted in any district where some act in furtherance of the conspiracy was committed. United States v. Gilliam, 975 F.2d 1050, 1057 (4th Cir. 1992). Whether a particular defendant was ever physically present in the district may be irrelevant to the issue of venue. See United States v. Al-Talib, 55 F.3d 923, 928 (4th Cir. 1995). If the defendant objects to venue, the matter should be submitted to the jury if there is any genuine issue of material fact. Engle, 676 F.3d at 413.

We review the district court's denial of a motion to transfer venue for abuse of discretion. United States v. Heaps, 39 F.3d 479, 482-83 (4th Cir. 1994), abrogated on other grounds by United States v. Cabrales, 524 U.S. 1 (1998). In deciding

3

whether to grant a motion to transfer venue, the district court should consider the factors enumerated by the Supreme Court in Platt v. Minn. Mining & Mfg. Co., 376 U.S. 240 (1964).

We conclude that the evidence fully supported venue in Maryland. Although Buensalida resided in California throughout the conspiracy, various acts in furtherance of the conspiracy occurred in Maryland, including Buensalida's shipment of methamphetamine to Maryland, his coconspirator's shipment of cash from Maryland, and the distribution of methamphetamine in Maryland. Moreover, Buensalida cannot claim that he was unaware of the acts that occurred in Maryland. Finally, out of an abundance of caution, the district court submitted the venue issue to the jury, and the jury convicted Buensalida nonetheless. Engle, 676 F.3d at 413. Accordingly, the district court properly denied Buensalida's motion to dismiss for lack of venue.

As for the motion to transfer venue, the district court properly considered the Platt factors before denying the motion. Heaps, 39 F.3d at 483. Accordingly, the district court did not abuse its discretion.

## II.

We next address the district court's denial of Buensalida's motion to suppress wiretap evidence. We review the factual findings underlying a district court's ruling on a

4

motion to suppress for clear error and the legal conclusions de novo. United States v. Kelly, 592 F.3d 586, 589 (4th Cir. 2010). Wiretaps should not be routinely employed, but rather reserved for instances where necessary because normal investigative techniques would be inadequate to expose the crime. 18 U.S.C. § 2518(3)(c) (2006); United States v. Smith, 31 F.3d 1294, 1297 (4th Cir. 1994). The Government bears the burden of showing "necessity," however, this burden is not great. Id. The Government's showing should "be tested in a practical and commonsense fashion that does not hamper unduly the investigative powers of law enforcement agents." Id. (internal quotation marks and citations omitted). We review the district court's finding of "necessity" for abuse of discretion. United States v. Wilson, 484 F.3d 267, 281 (4th Cir. 2007).

The district court did not abuse its discretion in finding "necessity." The Government established necessity through the wiretap application, which included a seventy-four page affidavit, thoroughly explaining how investigators were having difficulty infiltrating the conspiracy, that normal investigative techniques would be problematic because video surveillance could be easily detected and executing search warrants would be premature, and that wiretaps would likely be effective because members of the conspiracy used the target telephones in furtherance of illicit narcotics activities.

Considering the detailed showing contained in the wiretap application, the finding of necessity was not an abuse of discretion. Smith, 31 F.3d at 1297. The district court therefore properly denied Buensalida's motion to suppress wiretap evidence.

III.

We next address whether the district court properly admitted Buensalida's confession. The district court denied Buensalida's motion to suppress his confession upon finding that Buensalida voluntarily waived his Miranda rights. Miranda warnings are required when a suspect is interrogated while in custody. Miranda v. Arizona, 384 U.S. 436 (1966). Accordingly, a statement taken in violation of Miranda is subject to suppression. Id. However, a suspect may waive his Miranda rights and voluntarily submit to interrogation, in which case his custodial statements will be admissible. United States v. Hicks, 748 F.2d 854, 859 (4th Cir. 1984). In determining voluntariness, the critical question is whether the suspect's will has been "overborne" or his "capacity for self-determination critically impaired." United States v. Pelton, 835 F.2d 1067, 1071-72 (4th Cir. 1987). Nonetheless, "government agents may validly make some representations to a defendant or may discuss cooperation without rendering the

6

resulting confession involuntary." United States v. Shears, 762 F.2d 397, 401 (4th Cir. 1985).

The district court properly denied Buensalida's motion to suppress the confession. The evidence showed that Buensalida was read his rights and signed a written waiver. Buensalida claims his waiver and confession were involuntary because officers told him if he did not cooperate he would face harsher penalties. However, even assuming the officers made such a statement, that would not render Buensalida's confession involuntary. Id. Because the evidence supports a finding that Buensalida voluntarily waived his Miranda rights, the district court properly admitted his confession. Hicks, 748 F.2d at 859.

IV.

We next review the sufficiency of the evidence supporting Buensalida's conspiracy conviction. We review de novo the district court's denial of a Rule 29 motion for judgment of acquittal. United States v. Green, 599 F.3d 360, 367 (4th Cir. 2010). We review the sufficiency of the evidence supporting a conviction by determining whether, in the light most favorable to the Government, there is actual substantial evidence in the record to support the conviction. Id. "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt."

7

<u>Id.</u> (internal quotation marks and citation omitted). Reversal on grounds of insufficient evidence is appropriate only in cases where the Government's failure to present substantial evidence is clear. <u>Id.</u>

Buensalida was convicted of conspiracy to distribute and possess with intent to distribute methamphetamine. To obtain a conviction, the Government was required to prove: (1) the existence of an agreement to distribute and possess with intent to distribute methamphetamine (that is, a conspiracy); "(2) the defendant's knowledge of the conspiracy; and (3) the defendant's knowing and voluntary participation in the conspiracy." <u>Id.</u> A defendant may be a knowing and voluntary member of a conspiracy without knowing its full scope or participating in its full range of activities. <u>United States v. Burgos</u>, 94 F.3d 849, 858-59 (4th Cir. 1996).

Buensalida contends the Government has failed to prove his participation in a conspiracy in Maryland as opposed to a conspiracy in California. However, the Government was not required to prove venue as an element of the offense. <u>See</u> <u>Engle</u>, 676 F.3d at 412 (venue is not a substantive element of a crime and accordingly need only be proved by a preponderance of the evidence). Regardless, the evidence clearly showed the existence of a conspiracy to distribute methamphetamine in Maryland and Buensalida's knowing and voluntary participation

8

therein.  <u>Green</u>, 599 F.3d at 367.  We therefore conclude that substantial evidence supports Buensalida's conspiracy conviction.

## V.

We next address Buensalida's claim of ineffective assistance of counsel.  Buensalida raises various allegations of deficient performance, but fails to allege prejudice.  <u>Strickland v. Washington</u>, 466 U.S. 668, 687-88 (1984).  Because the record does not conclusively show ineffective assistance, Buensalida's claim is not cognizable on direct appeal.  <u>United States v. King</u>, 119 F.3d 290, 295 (4th Cir. 1997).

## VI.

We next review Buensalida's challenge to the district court's findings regarding drug quantity.  The Government must prove the drug quantity attributable to the defendant by a preponderance of the evidence.  <u>United States v. Carter</u>, 300 F.3d 415, 425 (4th Cir. 2002).  The district court may rely on drug-related facts included in the presentence investigation report unless the defendant shows that information is inaccurate or unreliable.  <u>Id.</u>  A district court's findings regarding drug quantity are generally factual in nature, and therefore are reviewed by this court for clear error.  <u>Id.</u>

"Sentencing judges may find facts relevant to determining a Guidelines range by a preponderance of the

evidence, so long as that Guidelines sentence is treated as advisory and falls within the statutory maximum authorized by the jury's verdict." United States v. Benkahla, 530 F.3d 300, 312 (4th Cir. 2008). The district court properly found by a preponderance of the evidence that Buensalida was responsible for over 500 grams of pure methamphetamine. Carter, 300 F.3d at 425. The court's finding is supported by information contained in the presentence investigation report; testimony from investigating agents, a forensic chemist, and Buensalida's coconspirators; and by the physical evidence of the seized methamphetamine. We therefore conclude that the district court properly calculated Buensalida's drug quantity.[*]

VII.

We next consider Buensalida's challenge to the application of a two-level sentencing enhancement for possessing a dangerous weapon. Section 2D1.1(b)(1) of the Sentencing Guidelines provides for a two-level enhancement where a dangerous weapon, such as a firearm, was possessed. The district court decides whether to apply the enhancement by a

---

[*] We are not persuaded by Buensalida's contention that the district court's finding that he was responsible for over 500 grams of pure methamphetamine conflicted with the jury's determination that he was responsible for fifty grams or more of pure methamphetamine. The jury's and the district court's findings are completely consistent.

10

preponderance of the evidence, and its findings ordinarily will be reversed only if clearly erroneous. United States v. Apple, 915 F.2d 899, 914 (4th Cir. 1990). However, because Buensalida failed to raise the issue below, he will be entitled to relief only upon a showing of plain error. United States v. Walker, 112 F.3d 163, 165 (4th Cir. 1997).

We conclude that the district court properly applied the firearm enhancement. Ample evidence supported the enhancement, including evidence that Buensalida conducted some of the methamphetamine transactions from his home, that a firearm was found at his home, and that cellphone pictures established his possession of firearms during the time of the conspiracy.

## VIII.

We next address Buensalida's challenge regarding his statutory penalties. Buensalida challenges the increase in his statutory penalties from five to forty years, to ten years to life in prison, based on Apprendi v. New Jersey, 530 U.S. 466 (2000). Buensalida's statutory penalties were increased based on a drug quantity of fifty or more grams of methamphetamine. 21 U.S.C. § 841(b)(1)(A)(viii). Under Apprendi, drug quantities that increase a defendant's statutory maximum sentence are considered elements of the offense, and must be charged in the indictment and found by the jury beyond a reasonable doubt. The

11

Supreme Court has recently extended this rule to the context of statutory minimum sentences. Alleyne v. United States, 133 S. Ct. 2151, 2156 (2013). Here, the drug quantity was properly charged in the indictment and found by the jury beyond a reasonable doubt. Accordingly, the district court properly applied the increased statutory penalties.

IX.

We next consider Buensalida's claim of an unwarranted sentencing disparity. Buensalida alleges he played the role of a mere "middle-man," that he has little prior criminal history compared to his coconspirators, and that he unfairly received a fifteen-year sentence while his coconspirators received six years or less. However, a disparity between the sentences of a defendant who pleads guilty and one who proceeds to trial is not an unwarranted disparity. See United States v. Offill, 666 F.3d 168, 179 (4th Cir. 2011) (holding disparate sentence of defendant who proceeded to trial reasonable), cert. denied, 132 S. Ct. 1936 (2012).

Construed liberally, Buensalida's claim challenges the reasonableness of his sentence. We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 46 (2007). We first review for significant procedural error—including whether the district court improperly calculated the Guidelines range, failed to

12

consider the § 3553(a) factors, or failed to adequately explain its sentence—and only if we find a sentence procedurally reasonable will we then consider substantive reasonableness. Gall, 552 U.S. at 51. Substantive reasonableness is determined considering the totality of the circumstances, including the extent of any variance from the Guidelines range. Id. A sentence within or below a properly calculated Guidelines range is presumed substantively reasonable. United States v. Susi, 674 F.3d 278, 289 (4th Cir. 2012).

Our review of the record reveals that the district court properly considered the various § 3553(a) factors—including the seriousness of Buensalida's offense and the need to avoid unwarranted sentencing disparities—prior to sentencing Buensalida. Discerning no other procedural error, and considering the totality of the circumstances including a generous downward variance, we conclude that Buensalida's sentence is both procedurally and substantively reasonable.

X.

Finally, we consider Buensalida's claim that the district court improperly instructed the jury regarding drug quantity. Buensalida contends the district court erred in only instructing the jury to determine the amount of pure methamphetamine—and not also the amount of a mixture containing methamphetamine or, simply, "methamphetamine"—for which

Buensalida was responsible. In reviewing an improper jury instruction claim, the key issue is "whether, taken as a whole, the instruction fairly states the controlling law." United States v. Cobb, 905 F.2d 784, 788-89 (4th Cir. 1990). The defendant must raise his objection to a jury instruction in the district court in order to fully preserve the issue for appeal; if he does not, the issue is subject only to plain error review. Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 731-32 (1993). Furthermore, under the "invited error" doctrine, a defendant will not be permitted to challenge on appeal a jury instruction he requested. United States v. Collins, 372 F.3d 629, 635 (4th Cir. 2004).

We discern no error in the contested jury instruction. First, Buensalida failed to raise this objection below. Second, he in fact proposed the contested jury instruction and corresponding special verdict form. Finally, Buensalida fails to appreciate that the Government presented evidence not only of the amount of methamphetamine he distributed, but also of its purity, thus allowing the jury to determine the amount of pure methamphetamine for which he was responsible. The additional instruction would therefore have been wholly superfluous. Accordingly, Buensalida's claim fails.

14

XI.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and found no meritorious issues for appeal. We therefore affirm the district court's judgment. We deny Buensalida's motion for appointment of counsel. This court requires that counsel inform Buensalida, in writing, of the right to petition the Supreme Court of the United States for further review. If Buensalida requests that a petition be filed but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Buensalida. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>